[No. 4294.]

## Randall et al. v. The Rocky Ford Ditch Co. et al.

Water Rights—Adjudication of Priorities—Appeals—Parties.

Section 2427 Mills Ann. Stat. relating to appeals in proceedings to adjudicate priorities of water rights authorizes an appeal from such proceedings only by the parties representing any ditch, which means the owners or persons controlling the ditch and does not give an appeal to all persons interested in the ditch as water consumers. Such water consumers are not entitled to an appeal because of the failure of the owner of the ditch to perfect its appeal where such failure is due to a mistake in the procedure regulating such appeal and not from any fraud or intentional neglect of duty to its consumers.

*Appeal from the District Court of Bent County.*

*On motion to dismiss appeal.*

Mr. JAMES W. McCREERY for appellants.

Mr. HENRY A. DUBBS and Messrs. ROGERS, SHAF-ROTH & GREGG for appellees.

*Per Curiam.*—A statutory adjudication of water rights in the district in which the ditch of The Laguna Canal Company is situate has been had under which certain rights were awarded the ditch of that company.  Subsequent to the entry of the decree in those proceedings the company filed a petition in the district court of Bent county, the object of which was to obtain a further award for its ditch.  Such proceedings were had in the court below that the petition was dismissed.  To this action the company excepted, and took an appeal to this court, which was dismissed for failure to comply with the provisions of the statute—Mills Ann. Stat. § 2432—relating to appeals of that character.  While the motion to dismiss that appeal was pending, certain consumers of water through the ditch of the Laguna company and owners of water rights purchased from that company, on behalf of themselves and others similarly situated, presented their petition to the court below and obtained an order granting them an appeal to this court for themselves and those whom they sought to represent from the judgment of the court dismissing the petition of the Laguna Canal Company, which authorized them to prosecute such appeal in their own names and for the benefit of those similarly situated, and in the name of the Laguna Canal Company against certain parties and companies

named as appellees. In their petition the petitioners state that they are consumers of water through the ditch of The Laguna Canal Company; have purchased water rights from that company; that such ditch, together with all rights and appropriations connected therewith, are under the control of and operated by the company; and also the facts upon which they rely to establish that their rights have been injuriously affected by the dismissal of the petition originally filed by the company in the district court, but the only reason they specially assign why their appeal should be granted, outside of a statement "that the Laguna Canal Company, as the agent and trustee of your petitioners, has failed to properly protect the rights of your petitioners in the premises," is, that they fear the appeal of The Laguna Canal Company has not been taken and perfected according to law and in accordance with the terms and provisions of the order allowing such appeal. The Rocky Ford Ditch Company and The Great Plains Water Company, appellees, now move to dismiss this appeal.

The statute—Mills Ann. Stat. § 2427—relating to appeals in adjudication proceedings provides that parties representing any ditch may have an appeal to the supreme court from such portion of the decree as affects them. This provision does not contemplate that any one interested in a ditch to which an award has been made, may have an appeal, but that the party or parties representing such ditch may exercise that right. The party representing a ditch means the owner or one controlling it, and not the different consumers. It is the party thus interested who may appeal. Otherwise, each consumer might appeal on his own account, and the action of one in this respect, and the judgment rendered thereon,

would be no bar to the appeal of another.  So that, unless the right is limited to the party designated— that is, the owner or the party controlling the ditch —there might be as many different appeals and different judgments as there were consumers under any given ditch.  Evidently counsel for appellants recognize that ordinarily it is only the party representing a ditch who may appeal, for they seek to prosecute this appeal on behalf of certain consumers and owners of water rights and all others similarly situated. The only reason assigned in the petition for an appeal outside of the conclusion above noticed why these parties should be permitted to prosecute this proceeding in the manner attempted is, that the appeal taken by The Laguna Canal Company itself has not been properly perfected.  According to the averments of their petition that company controls and operates the ditch supplying them with water.   It is the duty of that company to take all necessary steps to protect the rights of the consumers of water under its ditch, but it has not refused to do so.   It has made a mistake in the procedure providing for appeals from judgments in adjudication proceedings to this court, but it nowhere appears that it has been guilty of any fraud or intentional neglect of duty to its consumers,   Until it has at least been made to appear that the company is so derelict in its duty to the consumers of water under its ditch as to render it imperative in furtherance of justice that the consumers be permitted to take the steps which the company should, in order to protect their rights, they are certainly not in a position to prosecute an appeal which the company alone is authorized to take.   The right of appeal only exists as given by statute.

*Heiderer v. The People,* 2 Colo. 672; *People v. Richmond,*

16 Colo. 274; *Mercer v. Mercer*, 13 Colo. App. 237.

It can only be exercised by those upon whom the right is thus conferred. The appeal is dismissed.

*Dismissed.*