[No. 4954.]

## THE LAGUNA CANAL COMPANY v. THE ROCKY FORD DITCH COMPANY.

**1.  Res Judicata—Plea of—When Good.**

Where, in two cases, the subject-matter involved and the issues to be determined are identical, and where the parties are the same and acting in the same capacity, the final judgment in the earlier case is res judicata of the latter case.—P. 527.

**2.  Same—Judgment on Demurrer—When Res Judicata.**

And the same is true even though such judgment be rendered on demurrer to the complaint, provided the demurrer be general, going to the merits of the action.—P. 527.

**3.  Judgment — Res  Judicata — Conclusiveness — Matters  Concluded.**

In a proceeding supplemental to an original statutory proceeding for the adjudication of water rights, petitioner alleged an additional application of water since the former decree, and prayed a supplemental decree covering this additional application and allowing a priority therefor as of the commencement of its canal.  Demurrers to the petition on the ground that it did not state a cause of action were sustained, and a decree entered dismissing the petition without prejudice to petitioner's right to institute proceedings regarding any right claimed by it, and not antedating or conflicting with any of the various rights theretofore adjudicated by the decrees in the adjudication theretofore had.  Thereafter petitioner filed another petition, all the facts of which pertaining to petitioner's right having been stated in the prior petition and in practically the same form, involving the same subject-matter, issues and parties, and also praying for a

priority as of the commencement of its canal.  Held, that, though petitioner was given permission to bring a new proceeding to adjudicate a proper priority for such new application of water, the decree was res judicata of petitioner's right to claim its priority as dating from the commencement of its canal.—P. 527.

*Appeal from the District Court of Bent County.*
*Hon. Jesse G. Northcutt, Judge.*

Supplemental proceeding by petition of The Laguna Canal Company in an original statutory proceeding for the adjudication of water rights. The Rocky Ford Ditch Company filed a protest and answered, and from a decree adjudicating the priority of the canal company as of a certain date, the canal company appeals.                    *Affirmed.*

Mr. JAMES W. MCCREERY, for appellant.

Messrs. DEVINE & DUBBS, for appellee.

On November 3d, 1892, a decree was entered by the court below in an original statutory proceeding for the adjudication of water rights in District No. 17. To that proceeding both appellant and appellee were parties, and their rights of priority, as then existing, were determined.

On April 7th, 1894, a supplemental decree was entered on petition of appellant. By such supplemental proceeding appellant showed that it had made application of an additional quantity of water from its canal, and the court entered a decree giving a priority for the water so applied; the aggregate quantity of water thus recognized being 155 cubic feet per second, and the priority dating as of the commencement of the canal. From that decree no appeal was taken, all parties acquiescing therein and it has since been generally recognized by the water commissioners and others as governing the distribution of water.

By the first decree the dimensions of Lake Canal, belonging to appellant, were given, and a carrying capacity of 566.5 cubic feet per second was allowed. In connection with both decrees there was an express finding that said canal was constructed with due diligence and completed within a reasonable time; it otherwise appearing that the same was twenty-five miles in length.

On August 1st, 1902, appellant filed a petition in said priority proceeding reciting that since the decree of April 7th, 1894, was entered it had made additional applications of water from Lake Canal, and demanding a decree for such new application of water with a priority dating from the commencement of the canal. The Rocky Ford Ditch Company filed a protest and answer to this new petition, pleading, among other things, an intermediate proceeding begun on September 5th, 1899, and a decree entered therein on April 4th, 1900. An argument was made on these pleadings, the position of appellee was sustained and an interlocutory order or judgment was entered on April 22, 1903, denying appellant the right to such enlarged priorities dating from the beginning of its canal. This interlocutory order, however, permitted appellant to proceed, subject to the foregoing limitation, to establish a completed appropriation for the additional quantity of water shown to have been applied since the decree of April 7th, 1894, was entered.

Appellee having accomplished its purpose, participated no further, and appellant proceeded with its proofs. On April 29th a decree was entered giving appellant a priority numbered 23, for the quantity of water applied since entry of the former decree. But the priority for such additional water was fixed as August 30th, 1894; so that the new appropriation was evidently given the earliest possi-

ble priority that would not change or disturb the previous adjudication and priorities as fixed in the decree of April 7th, 1894.

From the last decree the present appeal was taken. -Appellant's present challenge of this decree rests upon the contention that said priority numbered 23 should have been referred back to September 25th, 1889, the date of the commencement of Lake Canal. .

In view of the conclusion reached in the opinion, it is deemed unnecessary to make a further or more detailed statement of the facts.

Mr. JUSTICE HELM delivered the opinion of the court:

The record in this case is voluminous and a number of interesting questions relating to water priorities are strenuously argued by counsel for both parties.   It is unnecessary for us, however, to discuss or determine these questions, as the plea of *res judicata* interposed by appellee is, in our judgment, decisive against reversal.

From the supplemental transcript filed in this court by leave on December 4th, 1905, among other things, we learn that after the decree of April 7th, 1894, was entered, and before the present proceedings were begun in 1902, appellant instituted an intermediate supplemental proceeding which reached final determination.   This proceeding was begun on September 5th, 1899; appellant then filed its petition reciting that since the former decree of 1894, it had made additional application of 214.75 cubic feet of water to 9,550 acres of land, so that its appropriation through Lake Canal then aggregated 379.75 cubic feet.   It prayed for a supplemental decree covering this additional application and allowing a priority therefor dated as of the commencement of its canal.

The court entertained the proceeding, and appellee, The Rocky Ford Ditch Company, and one other party, filed demurrers attacking the sufficiency of the petition. On April 4th, 1900, these demurrers were sustained and a decree was entered dismissing the petition at the cost of petitioner; the following language being, *inter alia*, therein employed:

"Without prejudice to the petitioner's right to institute such proceeding as it may be advised regarding any right claimed by it and not antedating or in any manner disturbing or conflicting with any of the various rights and claims heretofore adjudicated in or by the decrees in the adjudication of priorities for the use of water heretofore had in water district No. 17, and referred to in the petition, and not adverse or contrary to the effect of such decree."

From the decree of April 4th, 1900, appellant prosecuted an appeal to this court, which was dismissed; a second appeal therefrom was also taken by certain consumers from Lake Canal, which, on March 3d, 1902, was likewise dismissed.—*Randall v. Rocky Ford Ditch Company*, 29 Colo. 430.

It sufficiently appears from the record of that proceeding, that the first of these dismissals was due to some mistake or irregularity in taking or perfecting the appeal according to law. The second dismissal rested upon the ground that such appeals are only given to the owners or persons controlling the canal, and that, in the absence of fraud or intentional neglect of duty by them, persons who are interested merely as consumers cannot exercise the privilege.

The petition thus filed on September 5th, 1899, was similar to the petition filed in the present supplemental proceeding. All the facts pertaining to appellant's rights here alleged, were there stated and in practically the same form. The main question there presented for adjudication was the right of

appellant to a priority dating from September 25th, 1889, when the construction of its canal began, for its applications of water made since the decree of April 7th, 1894, was entered. The demurrers were sustained on the ground that the facts alleged in the petition were not sufficient to constitute a cause of action, *i. e.*, to give appellant the right of relation thus claimed.

By that decree, it is true, appellant was given permission to bring a new suit or proceeding to adjudicate a proper priority for such new applications of water. But its right to claim this priority as dating from the commencement of its canal was fully considered, passed upon and positively denied; and this denial was emphasized by the language employed in allowing appellant to institute further proceedings.

That decree was final. It determined the precise question submitted in the present proceeding. The same subject-matter was involved and the issues were identical in both cases. The parties, plaintiff and defendant, were the same, and they sued and defended in the same capacity. Even the exceptions taken and assignments of error filed here on the two former appeals were substantially identical with those now submitted. Although that decree was entered on demurrer, it was nevertheless an adjudication upon the merits; and so long as it stands it is *res judicata* of the issue so re-submitted in the present proceeding.

We are not now called upon to consider the correctness or incorrectness of that decree; and it would be improper for us to express an opinion touching its legality or regularity. The court had undoubted jurisdiction over the subject-matter and of the parties. And however erroneous the decree may have been, it is decisive of the present controversy. It cannot now be ignored, nor could it have been ques-

tioned collaterally in this proceeding.—*Farmers' U. D. Co. v. Rio Grande C. Co.*, 37 Colo. 512.

The opinion in the case of *Smith v. Cowell*, 41 Colo. 178, recently pronounced by this court, practically covers and decides the only point upon which there could be doubt as to the propriety of holding the decree of April 4th, 1900, *res judicata* of the question now raised. There, as here, the two proceedings were between the same parties, the issues and relief sought were substantially the same, and judgment of dismissal was entered in the latter upon a general demurrer to the complaint. And there, as here, also, the plea of *res judicata* was interposed to the second action, the general demurrer so sustained going to the merits. *Inter alia,* the court said:

"A judgment rendered in dismissing an action following an order sustaining a demurrer may or may not be a bar. If it was for lack of jurisdiction or that plaintiff mistook his remedy or for some technical defect, it is not a bar. If the demurrer goes to the merits of the action, as where it is upon the ground that the facts stated are not sufficient to constitute a cause of action, it is as conclusive as a judgment entered on a verdict finding the facts."

See, also, *Schroers v. Fisk,* 10 Colo. 599.

Without further prolonging the present discussion, we hold that in the case at bar the question submitted, viz.: appellant's right to have the doctrine of relation so applied as to give Lake Canal a priority dating from its commencement for the new appropriation of water mentioned, became *res judicata* by the supplemental decree of April 4th, 1900.

And so holding, an affirmance of the present decree necessarily follows.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.