## No. 12,497.

THE PEOPLE *v.* BROWN ET AL.

(286 Pac. 859)

Decided March 31, 1930.

Mr. J. Arthur Phelps, Mr. George B. Baker, Mr. Joe E. Gobin, for the people.

Mr. A. T. Stewart, Mr. V. G. Seavy, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Defendant in error, J. C. Brown, hereinafter referred to as defendant, and one Cora Belle Brown were jointly charged with unlawful possession of intoxicating liquor. The action was filed before a justice of the peace. On arraignment defendant entered a plea of guilty, and Cora Belle Brown of not guilty. Both causes were continued for three days, during which both were released on bond. Thereupon Cora Belle Brown was tried and acquitted, and defendant, persisting in his plea of guilty, was assessed the minimum fine ($100) and costs. He appealed to the county court. The district attorney appeared specially and moved to dismiss on the ground that there was no appeal from such a judgment so entered. The motion was overruled. The people declined to further prosecute and the court discharged the defendant. The district attorney brings the cause here for review under section 7113, C. L. 1921.

Counsel indulge in some discussion concerning the right of appeal irrespective of statute. We think it

clear that no such right exists. L. 1925, p. 227, c. 84; 17 C. J., p. 13, §3261; *Heiderer v. People,* 2 Colo. 672; *Randall v. Rocky Ford Ditch Co.,* 29 Colo. 430, 433, 68 Pac. 240. In fact counsel so admits when he says in his brief, "The appeal in the instant case was necessarily taken under section 6194 of the Compiled Laws of 1921." The simple question then is, Does said section provide for an appeal to the county court from the judgment of a justice of the peace, imposing the minimum penalty, and entered on a plea of guilty in a criminal case in which the justice has jurisdiction? So much of the statute as is here material reads: "If any person convicted of any criminal offense before any justice of the peace shall wish to appeal to the county court, he or she shall," etc.

 So numerous and irreconcilable are the definitions of "conviction," as found in the adjudicated cases, that authority, as a guide to interpretation, fails us. An examination of 13 C. J., pages 903 to 910 inclusive, and the cases there cited, will disclose that the word may mean anything from an inner consciousness of guilt to a combination of indictment, trial, verdict, order, and sentence, matured into finality by lapse of time. Hence we turn for aid to the more promising rule of reason. To the layman of average education and intelligence the statement that one has been "convicted" of a crime conveys the impression that he who maintained his innocence has been legally declared guilty. Let the average lawyer be told that an acquaintance has been sentenced for a crime and his natural inquiry would be, "Did he plead guilty or was he convicted?" Before sentence can be pronounced in a criminal case the record must show guilt. This may appear by plea admitted on order, or by conviction. In this sense the word conveys the idea of the judicial determination of a contested fact as distinguished from the judicial entry of an admitted fact. In such sense, we are confident, the lawmakers used it in the section before us. Otherwise it would have been easy and conclusive to have said, "If any person *sentenced* for

any criminal offense before any justice of the peace shall wish to appeal to the county court,'' etc.

■■ But in the instant case there is another answer to defendant. There are two possible reasons for a new trial: (1) To correct errors occurring in the first; (2) to furnish a defeated litigant a second opportunity to establish his contentions. Here, however, no error has occurred, and defendant's contentions are already established. The record recites that this defendant, in open court, twice admitted the charge, and that the sentence imposed was the least the law permitted. He seeks another trial because he has changed his mind, and insists that he has found legislative authority for thus trifling with judicial process. We think not.

■■■■ It is further contended that the record shows no compliance with section 7095, C. L. 1921, which requires that before receiving a plea of guilty the court shall explain to the defendant the consequences thereof; and that where discretion is vested as to the extent of the punishment evidence shall be taken as to aggravation or mitigation. Assuming that if such error existed it would so invalidate the plea of guilty as to authorize an appeal, we observe that there are several reasons why there is no such error: (1) The justice court is not a court of record, there is no requirement that the fact of its admonition to a defendant shall be recorded, there is here no proof that it was not delivered, and the presumption is that the justice did his duty. (2) Since the objection does not go to the merits of the cause the duty devolves upon defendant to show prejudice, and he has shown none. (3) Since at the time of his plea and sentence defendant was represented before the justice by the same attorney who later appeared for him in the county court, and who now appears for him here, the presumption is that his rights were fully protected. (4) An examination of the act in which said section in question is found leads to the conclusion that it is not applicable to trials before justices of the peace. This section was originally No. 140 of divi-

sion XIII of "An Act Concerning Criminal Jurisprudence," passed by the Territorial Legislature in 1861, p. 290. Division XIII, p. 318, recites that it relates to "process, indictment, arraignment, trial, judgment, execution, and writ of error." The division contains 22 sections. All the others refer to proceedings in the district courts. We are satisfied the same is true of this.

From the foregoing we conclude that the attempted appeal was a nullity and that the sentence of the justice still stands.

The judgment is accordingly reversed and the cause remanded with directions to the county court to dismiss the appeal at defendant's costs.

MR. JUSTICE ALTER not participating.