No. 19,778.

ROBERT J. MADRID *v*. PEOPLE OF THE STATE OF COLORADO.

(365 P. [2d] 39)

Decided October 2, 1961.

Mr. WILLIAM L. WHITTAKER, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK L. HICKEY, Deputy, Mr. GEORGE W. NICASTRO, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was convicted of unlawful possession of a narcotic drug, Cannabis Sativa L, commonly known as marijuana, and from the judgment and sentence imposed brings error.

The incident out of which the charge arose occurred as follows: Defendant and his cousin were walking home on a city street from a night club area about 1:15 a.m. Two police officers in a patrol car observed them and decided to check them out. They followed the men for almost a city block without light, when they suddenly switched them on. Both men had their backs to the car and were a few feet from it at that time. The officers noted a motion by defendant as though dropping or throwing something away. He also tried to flee, leaving his lame companion. He was quickly apprehended. A search of the immediate area from where he began his flight revealed a crumpled Pall Mall cigarette package, with what later proved to be two and a half marijuana cigarettes in it. Upon being taken to police headquarters defendant's pockets were carefully emptied and the contents tested. The debris from one pocket was found to contain a very minor amount of marijuana. It was not possible to determine whether the latter quantity had come from the cigarettes in question. No trace of the narcotic was found in defendant's companion's possession. The evidence also disclosed that the two suspects admitted smoking Pall Mall cigarettes that evening. Defendant denied that the package was his, denied that he

had any narcotic in his possession and asserted that the clothing he wore had just been given him by a friend, the latter point being considerably weakened by his friend's testimony as to point of time of the gift.

Based on these facts the case was submitted to the jury with the results above mentioned.

Defendant urges two grounds for reversal: (1) That he was not properly arraigned and therefore the arraignment is void and of no effect; and (2) That the evidence presented was insufficient to support the verdict. A third ground urged in the original Assignment of Errors was that the court erred in imposing an improper and illegal sentence. The latter has been waived and will not be considered further.

The record indicates that the information, in two counts, was filed on April 19, 1960. The first count charged unlawful possession of marijuana under C.R.S. '53, 48-6-2. The second count charged a previous conviction of a felonious offense under the laws of the United States relative to narcotic drugs. The record also indicates that on April 29, 1960, defendant waived the reading of the information, was arraigned, and pleaded not guilty.

Defendant argues that these recitations in the record are incorrect. He contends that on April 29, 1960, he was not arraigned on the second count of the information which charged prior conviction, but on July 21, 1960, was re-arraigned on the first count and arraigned for the first time on the second count. Defendant further contends that during the re-arraignment the court misadvised him as to the penalty in the event of conviction on the second count, informing him that he was liable for a greater penalty than the law authorized in the event of his conviction on the first count. In connection with this contention it is to be noted that defendant entered a plea of not guilty on the first count and guilty on the second count.

 We find no merit in the arguments of defendant for reversal. Throughout the proceedings involved he was represented by competent counsel. We have held that a recitation in the record of a felony case is conclusive on writ of error. Where the record as to arraignment and plea is not true, the defendant must seasonably call the defect to the court's attention by motion for correction of error but he cannot collaterally attack it. *Smith v. People* (1918), 64 Colo. 290, 170 Pac. 959. Here the defendant waived the reading of the information and this must be considered as conclusive.

However, even if we were to accept defendant's contention that he was not arraigned on the second count until July 21, 1960, there is nothing to indicate that he was in any way prejudiced by this delay. The record, however, shows that on that date defendant withdrew his plea of not guilty to the second count and upon being re-arraigned pled guilty thereto.

 Furthermore, there is no indication that defendant was prejudiced by the allegedly incorrect information from the trial court at the arraignment as to the penalty for conviction on the second count of the information. Notwithstanding the asserted misinformation, defendant entered a guilty plea. The sentence of seven to ten years given here was clearly within the permissible limits and is much less severe than the court could have imposed.

 We have held that where the objection of a defendant in a criminal case does not go to the merits of the case, he has the burden of showing that he was prejudiced by the ruling of the trial court. *People v. Brown* (1930), 87 Colo. 261, 286 Pac. 859. Here that burden is not met. Further, as was pointed out in the *Brown* case, where a defendant is represented by an attorney at all stages in a criminal prosecution, the presumption is that his rights were fully protected. This is true here for defendant's counsel did represent him in the trial court

and on writ of error until the case was at issue, at which time he was granted leave to withdraw.

The defendant, by his attorney's affidavit, contends that just prior to the July 21, 1960, arraignment an off the record conference took place in which the deputy district attorney assigned to the case indicated to defendant's counsel that defendant was being tried under a statute different than the one charged in the information. However, since this is not part of the record we are unable to give it any consideration. *Weaver v. People* (1910), 47 Colo. 617, 108 Pac. 331. Here again there was no objection by defendant nor is there a showing of prejudice.

Defendant argues that the evidence does not support the verdict of unlawful possession of marijuana. We must conclude from a review of the record that there was sufficient evidence to justify submitting the case to the jury. We cannot say that the jury's verdict was unwarranted in the light of the evidence presented. See *Duran v. People* (1961), 145 Colo. 563, 360 P. (2d) 132.

Judgment affirmed.