Opinion by
Mr. Chief Justice McWilliams.
The following chronology of events is essential to an understanding of the narrow issue posed by this writ of error:
1. On January 12, 1962, McNulty was convicted in the Justice of the Peace Court for the City and County of Denver of violating several state statutes and was sentenced to serve a total of two years and two months in the Denver County Jail and to further pay a fine of $1,800;
2. On January 22, 1962, McNulty filed a notice of appeal in duplicate with the Clerk of the Justice of the Peace Court and also paid the costs of granting the appeal;
3. On that same date McNulty, desiring to stay the judgment and sentence of the Justice of the Peace, executed a bond which was approved by said Justice of the Peace;
4. On that same date the Clerk of the Justice of the Peace transmitted the transcript and all other papers in connection with the case to the Superior Court for the City and County of Denver, where the same was docketed;
5. On March 8, 1962, the Superior Court, on motion of the District Attorney, issued a writ of procedendo dismissing the appeal because of McNulty’s failure to pay the docket fee of $5 within twenty days from the date of the appeal;
6. On March 14, 1962, a Justice of the Peace mittimus *146 was issued and on the following day McNulty was arrested and incarcerated in the Denver County Jail pursuant to the aforementioned judgment and sentence;
7. On April 24, 1962, McNulty filed in the Superior Court a motion to vacate the order dismissing his appeal and for an order allowing payment of the $5 docket fee, nunc pro tunc, alleging that the non-payment of the $5 docket fee was “due to excusable neglect of defendant’s attorney, and was in no way due to the fault of the defendant herein”; and
8. On April 30, 1962, the Superior Court denied the aforementioned motion, and by writ of error McNulty now seeks reversal of this order and judgment of the Superior Court.
At the very outset it should be noted that present counsel for McNulty did not participate in the attempted appeal to the Superior Court of McNulty’s conviction in the Justice of the Peace Court.
In Colorado, as elsewhere, the right of appeal from a judgment of a Justice of the Peace in a criminal proceeding is one which is regulated by statute. Heiderer v. People, 2 Colo. 672; People v. Brown, 87 Colo. 261, 286 Pac. 859; 31 Am. Jur. p. 279, et seq.; 51 C.J.S. p. 268, et seq.
C.R.S. ’53, 79-15-11(5) (1960 Perm. Supp.), which authorizes appeals by persons convicted of a criminal offense before a Justice of the Peace, states that “[t]he defendant shall pay the docket fee of five dollars, required by the Appellate Court, within twenty days from the date of the appeal, and upon a failure to do so, the appeal shall be dismissed by the Appellate Court.” (Emphasis supplied.) In the instant case it is agreed that McNulty failed to pay to the Superior Court within twenty days from the date of appeal the docket fee of five dollars, and it was on this state of the record that the Judge of the Superior Court dismissed the attempted appeal and issued a writ of procedendo. In so doing no error was committed.
*147 The statute requiring payment of the docket fee of five dollars within twenty days from the date of appeal and directing the Appellate Court to dismiss the appeal “upon a failure to so do” is couched in plain language and is easily understood by all. Where, as here, a statute is clear and unambiguous it is the duty of the judiciary to enforce the statute as written, and not to create an exception thereto by judicial legislation. Hence, the judgment is affirmed.
Mr. Justice Day and Mr. Justice Frantz concur.