AMANDA RAY, d. b. a., vs. STATE OF DELAWARE.

1. INDICTMENT AND INFORMATION—DUPLICITY.

A count in an information that accused sold intoxicating liquors to three persons named therein imports a sale at the same time to such persons, and is not duplicitous.

2. INDICTMENT AND INFORMATION—DUPLICITY—NECESSITY OF DEMURRER.

Duplicity in an information is a formal defect, advantage of which must be taken by demurrer.

3. INDICTMENT AND INFORMATION—DUPLICITY—WAIVER BY PLEADING OVER.

Pleading over to an information for selling intoxicating liquors cures any duplicity in the information.

4. INDICTMENT AND INFORMATION—AIDER BY VERDICT—VARIANCE.

A judgment after verdict for selling intoxicating liquors will not be arrested because of duplicity in the information.

5. INTOXICATING LIQUORS—CRIMINAL PROSECUTION—VARIANCE.

Where a count of an information charged sale of intoxicating liquors to three persons named therein, and the proof established sale to one of such persons, there was no fatal variance; since the essential element of the offense is the sale without a license.

(*April* 9, 1917.)

BOYCE, J., sitting.

*Philip L. Garrett* for appellant.

*P. Warren Green*, Deputy Attorney General, for the state.

Court of General Sessions, New Castle County, March Term, 1917.

INFORMATION ON APPEAL, No. 57, March Term, 1917.

Amanda Ray was informed against with another in the Municipal Court for the City of Wilmington, for the sale of intoxicating liquor without a license. She was tried, convicted and sentenced by the court. She brings appeal. A new information was filed by the Attorney General, in the Court of General Sessions, properly charging the accused with the same offense, in the same words as in the court below, as follows:

"The said Amanda Ray did then and there unlawfully sell intoxicating liquor, to wit, lager beer, to Frank Bean and Charles Warrilow and Agnus McClelland, she the said Amanda Ray not then and there having a proper license to sell intoxicating liquor against," etc.

The accused, without objection to the information, entered a plea of not guilty. Trial by jury. Verdict guilty. On motion in arrest of judgment. Denied.

At the trial Frank Bean, one of the persons named in the information, testified that the accused sold him beer, at the time and place laid in the information. It appeared that the other two persons named in the information were not present. Counsel for the accused, thereupon, moved to quash the information for the reason that the single count therein charged either three distinct sales, and was, therefore, duplicitous, or a joint sale to the three persons named, and it was contended that a fatal variance had been shown beween the allegation and the proof. The motion was denied. When the state rested, counsel for the

accused moved that the jury be instructed to return a verdict of not guilty. This motion was likewise denied. At the close of the testimony, the court was again requested to give the jury instructions to return a verdict of not guilty. The request was declined.

The court charged the jury, and after deliberation they returned a verdict of guilty. Whereupon counsel for the accused made a motion in arrest of judgment on the ground of duplicity in the single count in the information, and also for variance between the allegation and proofs.

BOYCE, J., delivering the opinion of the court:

[1-4] The single count in the information imports a sale at the same time to the three persons named therein. The information is not, therefore, duplicitous. If it were, duplicity, by the better opinion, is a formal defect, and objection thereto must be taken by demurrer. Pleading over cures the defect; and judgment after verdict will not be arrested for duplicity.

[5] The unlawful sale charged is alleged to have been made to three persons named in the information. The proof is that the sale was made to one of them. The essential elements of the offense charged is the sale of intoxicating liquor without a license.

Is the variance shown fatal? A variance between the allegation and proof of the ownership of goods stolen is fatal. *State v. Hearns*, 2 *Harr.* 530. It is generally held that a variance in the name or names of persons, other than the accused, necessary to be inserted as a part of the description of the offense, is fatal; for the reason that a true description of the offense is necessary to the accused in preparing his defense. If the variance is in an immaterial matter it is not fatal. On a charge of a sale of intoxicating liquor, without a license to three persons, as laid in this case, the court is of the opinion that it is sufficient to prove such a sale to one of them. Such proof does not establish another and distinct offense. The variance shown is not of a matter legally essential to the offense charged, and is not prejudicial to the accused.

The motion is denied.