STATE OF DELAWARE *vs.* JOHN STEVENS.

(*October* 14, 1927.)

RODNEY, J., sitting.

*Leonard G. Hagner*, Deputy Attorney-General, for the State.

*Robert Adair* for defendant.

Court of General Sessions for New Castle County, January Term, 1927.

No. 45, November Term, 1926.

Rodney, J., delivering the opinion of the Court:

The sole question for determination here is, Can there be an appeal when a plea of guilty has been entered in the inferior court? Many authorities hold that no appeal can be taken and are based upon the principle that a judgment on a plea of guilty is in effect a judgment on confession upon which neither a writ of error nor an appeal can be predicated.

2 *R. C. L.* § 41, p. 60, says:

"As a general rule a judgment by confession is not reversible either by appeal or writ of error and in a criminal case a party cannot have a judgment properly entered on a plea of guilty reversed by appeal or writ of error, since such judgment is in effect a judgment by confession."

To the same effect is 19 *Pl.* and *Pr.* 505, and 17 *C. J.* 32.

Among the authorities sustaining this construction of law are *State v. Eckert*, 123 *Wash.* 403, 212 *P.* 551; *Holsclaw v. State*, 114 *Ind.* 506, 17 *N. E.* 112; *Stokes v. State*, 122 *Ark.* 56, 182 *S. W.* 521; *Lowe v. State*, 111 *Md.* 1, 73 *A.* 637, 24 *L. R. A.* (*N. S.*) 439, 18 *Ann. Cas.* 744; *City of Edina v. Beck*, 47 *Mo. App.* 234; *People v. Schulman*, 216 *App. Div.* 814, 215 *N. Y. S.* 337.

Opposed to this view are a number of cases in Massachusetts, Oklahoma, Mississippi and other jurisdictions. It is possible that the cases of Massachusetts and Oklahoma might be distinguished because it would seem that in those states the appeal is heard upon

the record from the court below and is not a trial *de novo*, and that the Mississippi cases might have no application because in Mississippi it has been held that there may be an appeal taken from a judgment by confession. There are, however, a number of cases which hold expressly that an appeal can be had regardless of the plea of guilty in the inferior court, even where the trial is one *de novo* in the appellate court. *Holtman v. Commonwealth* ,129 *Ky.* 710, 112 *S. W.* 851; *Weaver v. Kimball*, 59 *Utah* 72, 202 *P.* 9; *State v. Hedges*, 67 *Kan.* 176, 72 *P.* 528; *Ex parte De Loche*, 50 *Tex. Cr. R.* 525, 100 *S. W.* 923.

I do not propose to pursue my examination for other cases, nor to discuss these cases, nor even to determine whether they correctly present the latest determination of the law in the several jurisdictions. I mention them merely to show that the question is not free from difficulty, nor the construction uniform.

I propose to confine myself exclusively to the constitutional provisions of our own state.

The question of granting to an inferior court of criminal jurisdiction the right to finally determine criminal offenses without indictment by grand jury or trial by petit jury and without the privilege of an appeal was first considered in the Constitutional Convention of 1832.

Under this Constitution the power was given to the Legislature to create inferior courts and to grant final jurisdiction in them of certain stipulated offenses, which included assaults and batteries, and without the right of an appeal. Under this provision the Legislature in 1883 (Laws 1883, c. 207, § 14 *et seq.*) created the municipal court for the city of Wilmington with jurisdiction over assaults and batteries within said city without indictment by the grand jury, trial by petit jury and without the right of an appeal in such cases. Such was the law from the passage of the act in 1883 until the adoption of the Constitution of 1897. The existing provisions of the Constitution of 1832 with reference to inferior courts were slightly changed, but in the main were continued in the Constitution of 1897, with the very pertinent and material additional proviso:

"Provided, however, that there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding $100.00."

A proper consideration of the constitutional section under discussion, with a view of ascertaining the purpose of the insertion of the provision allowing appeals where the fine is over $100 or imprisonment over one month, is greatly facilitated by an inspection of the debates in the Constitutional Convention, where the section originated. *Cooley's Constitutional Limits* (8th Ed.), *vol.* 1, *p.* 142, says:

"Where the inquiry is directed to ascertain the mischief designed to be remedied, or the purpose sought to be accomplished by a particular provision, it may be proper to examine the proceedings of the convention which framed the instrument. Where the proceedings clearly point out the purpose of the provision the aid will be valuable and satisfactory."

This statement is quoted with approval in *State v. Fountain,* 6 *Penn.* (22 *Del.*) 520, 69 *A.* 926; although in that case the court received but little help from the debates themselves. In the present case the debates of the Convention furnish conclusive evidence of the purpose of the inserted clause and are of considerable aid in solving the present question.

Under the Constitution of 1832, as we have seen, the Legislature had the right to create inferior courts with jurisdiction over certain misdemeanors and with an unrestrained power in the Legislature to limit the appeals from the inferior court, or to deny the right of appeal entirely. This absolute power in the Legislature to deny the right of appeal was directly attacked in the Convention of 1897. The Judiciary Committee, by its chairman, the late Judge Spruance, adopted a provision by the terms of which inferior courts were given jurisdiction of criminal matters where the punishment could not exceed a fine of $50 or imprisonment for 30 days. This was opposed in the committee of the whole by John Biggs, Esquire, as being destructive of the municipal court of the city of Wilmington. Judge Bradford pointed out that penalties for assaults and batteries had always been in the discretion of the court and, therefore, that these offenses would not be within the jurisdiction of the inferior courts. The thing par-

ticularly aimed at in the suggested change was the unrestrained power in the judge or justices of the inferior court to impose a sentence without limit where the proceedings had been without indictment by grand jury or trial by petit jury. A few days previous to this debate, the Committee of the Whole of the Convention had adopted the innovation of allowing writs of error from the Supreme Court to the Court of General Sessions where the sentence exceeded one month's imprisonment or a fine exceeding $100.00. *Article* 4, § 12, *p.* 2. This same verbiage was advisedly made applicable to appeals from an inferior court.

An inspection of the debates in *volume* 7, *pp.* 4755-4793, is clearly indicative of the fact that the provision allowing an appeal was inserted for the express purpose of allowing a review of the case where any judge or justice had imposed what might be considered as an immoderate sentence or where the offense might not be commensurate with the penalty imposed. The limit of a fine of $100 or imprisonment of 30 days was an arbitrary specification by the Convention, these particular figures being adopted in order to make the various appellate proceedings consistent.

In the present case, the facts are not before me and I have no idea of the seriousness of the assault. The penalty was a fine of $500 and imprisonment of two years. This is in excess of the appealable sentence and seems to come directly within the constitutional provision. No matter how innocent a man may, in fact, be of any of the misdemeanors mentioned in the Constitution, yet if he is found guilty and fined less than $100 or imprisoned less than 30 days, he has no constitutional right of appeal; no matter how guilty a man may be, he has a constitutional right of appeal if the sentence exceeds those figures. There is nothing in the Constitution to indicate that the right of appeal was intended to be dependent upon the method of determining the guilt, whether by plea or otherwise, and, if I am correct in believing that the right of appeal was intended more particularly as protection against a supposedly immoderate sentence rather than against the finding of guilt itself, then I cannot conclude that the method by which the guilt is established can determine the right of appeal.

At the time of the determination of the guilt of the accused, whether by the testimony of witnesses or by a plea of guilty of the defendant, the power or right of appeal cannot be determined. This right can only arise upon the subsequent expression of the judgment of the judge or justice. The assault and battery charges may involve the most trivial physical contact and I cannot bring myself to believe that even though the defendant has admitted that that he committed the trivial assault charged in the information such admission or plea waives the right to object to a sentence in excess of the constitutional limit from which no appeal can be taken.

[2] The same result would be reached by considering the matter from another viewpoint. The Constitution vests in the Legislature power to create inferior courts in certain cases "provided there shall be an appeal in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding $100.00." This proviso is a limitation on the power in the Legislature to vest final jurisdiction in any inferior court and the Legislature could not grant final jurisdiction in such cases even though it expressly and intentionally attempted to do so. The jurisdiction of the municipal court to hear and determine the assault and battery involved in this present case was complete at all stages of the trial—the finality of the jurisdiction could only be determined by the action of the court in the extent of the penalties imposed. The extent of these penalties has brought into play the constitutional right of appeal and exposed the inherent lack of final jurisdiction of the municipal court.

What action will be taken in the Court of General Sessions when the present case is tried is not for me now to determine.

In *Burke v. Silcox*, 6 *Penn.* (22 *Del.*) 102, 64 *A.* 73, the court said:

"The court should not deny to any defendant in an action before a justice of the peace an appeal, unless it is clear, under the law, that he is not entitled to such appeal."

This applies with even greater force in a criminal case where the right of appeal is given by virtue of a constitutional provision where the sentence is $500 fine and two years' imprisonment.

I understand that the judges of the municipal court have almost uniformly allowed an appeal regardless of a plea of guilty. It is to test the correctness of this custom that the present motion to dismiss the appeal was made.

The motion to dismiss the appeal is denied.