ROBERT H. MARTIN, Defendant Below, v. THE STATE OF DELAWARE, Plaintiff Below.

(*September* 1, 1955.)

HERRMANN, J., sitting.

*John M. Bader* for the defendant below.

*Frank O'Donnell, Jr.,* Deputy Attorney-General, for the State.

Superior Court for New Castle County, No. 353, Civil Action, 1954.

HERRMANN, J.:

In the Municipal Court of the City of Wilmington, the defendant below (hereinafter called defendant) entered a plea of guilty to an information which charged that he "* * * did then and there operate a motor vehicle * * * recklessly, or at a rate of speed greater than was reasonable and proper * * * or so as to have caused a collision * * * or so as to have endangered life or limb * * *." The Municipal Court imposed a sentence of imprisonment for thirty days[1] and denied the defendant's application for the allowance of an appeal to this court. The defendant obtained the issuance of a writ of *certiorari* out of this court and he now asserts that the proceedings of the court below were conducted unlawfully because:

1) The information failed to plainly and fully inform the defendant of the nature of the accusation against him; and

2) The Municipal Court is unlawfully depriving the defendant of an appeal to this court.

There is no merit in the contention that the judgment below must be reversed because the information was "vague, uncertain, ambiguous and duplicitous." It does not appear that such objection to the information was made prior to the plea and sentence. The failure to make a timely objection of this type constitutes a waiver thereof. See *Ray v. State,* 6 *Boyce* 440, 100 *A.* 472; Criminal Rule 12(b) (2), *Del. C. Ann.*

[1]This sentence does not exceed the maximum penalty for driving at an excessive speed. (See 21 *Del. C.* §§ 4125, 4155; compare 1935 *Code,* § 5621).

The second contention of the defendant presents more difficulty. It is asserted that the Municipal Court is wrongfully depriving the defendant of a statutory right of appeal from that court to this court. This contention is based upon the following provision of the Motor Vehicle Law, being 21 *Del. C.* § 708:

"Any person convicted under the provisions of this title [Motor Vehicles] shall have the right of an appeal, unless otherwise stated in this title to the Superior Court, upon giving bond in the sum of $500 to the State with surety satisfactory to the Mayor, justice of the peace, or a judge before whom such person was convicted, such appeal to be taken and bond given within 15 days from the time of conviction. Such appeal shall operate as a stay or supersedeas of all proceedings in the court below in the same manner that a *certiorari* from the Superior Court operates. The taking of such appeal shall constitute a waiver by the appellant of his right to a writ of *certiorari* in the Superior Court."

The question for decision is this: Does the word "convicted", as used in 21 *Del. C.* § 708, include the status of the defendant who pleaded guilty in the court below?

The word "convicted" is ambiguous: it is *"verbum aequivocum"*. *Francis v. Weaver,* 76 *Md.* 457, 25 *A.* 413, 415. The meaning of the word usually varies with the context of the statute in which it is used. See *State v. DeBery, Me.,* 103 *A.* 2d 523, 524. In its technical legal sense, the word includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after the decision of a tribunal upon an assertion of innocence. See *State v. Exum,* 3 *W. W. Harr.* 93, 130 *A.* 854. In common parlance, however, a person has been "convicted" when he has asserted his innocence and has been found guilty by jury or court. See *Francis v. Weaver, supra; Commonwealth v. Minnich,* 250 *Pa.* 363, 95 *A.* 565, 566, *L. R. A.* 1916B, 950; *Commonwealth v. Gorham,* 99 *Mass.* 420. In *The American College Dictionary,*

the word "convict" is defined: "To prove or declare guilty of an offense, esp. after a legal trial."

A similar problem of statutory construction confronted the Supreme Court of Colorado in *People v. Brown*, 87 *Colo.* 261, 286 *P.* 859, 860. The Court there stated:

"So numerous and irreconcilable are the definitions of 'conviction,' as found in the adjudicated cases, that authority, as a guide to interpretation, fails us. An examination of 13 *C. J.* pp. 903 to 910, inclusive, and the cases there cited, will disclose that the word may mean anything from an inner consciousness of guilt to a combination of indictment, trial, verdict, order, and sentence, matured into finality by lapse of time. Hence we turn for aid to the more promising rule of reason. To the layman of average education and intelligence the statement that one has been 'convicted' of a crime conveys the impression that he who maintained his innocence has been legally declared guilty. Let the average lawyer be told that an acquaintance has been sentenced for a crime, and his natural inquiry would be, 'Did he plead guilty or was he convicted?' Before sentence can be pronounced in a criminal case the record must show guilt. This may appear by plea admitted on order, or by conviction. In this sense the word conveys the idea of the judicial determination of a contested fact as distinguished from the judicial entry of an admitted fact. In such sense, we are confident, the lawmakers used it in the section before us. Otherwise it would have been easy and conclusive to have said, 'If any person *sentenced* for any criminal offense before any justice of the peace shall wish to appeal to the county court,' etc."

For the reasons so well expressed in the *Brown* case, *supra*, it is concluded that, in 21 *Del. C.* § 708, the Legislature used the word "convicted" according to its common, usual and ordinary meaning, *i.e.*, a judicial determination of guilt after an assertion of innocence and not merely a judicial entry of an admission of guilt after a guilty plea.

■ The defendant relies upon *State v. Stevens,* 3 *W. W. Harr.* 479, 139 *A.* 78. In that case, the defendant pleaded guilty in the Municipal Court to a charge of assault and battery and the sentence was a fine of $500 and imprisonment for two years. The defendant there claimed a right of appeal to this court under the provision of the Delaware Constitution which states that there shall be an appeal to this court "in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00)." *Del. Const.* Art. 4, § 28, *Del. C. Ann.* This court there held that the method of ascertaining guilt did not affect the constitutional right of appeal and that the defendant was not barred from his constitutional appeal to this court by reason of his admission of guilt by his guilty plea entered in the lower court.

The *Stevens* case is not helpful in answering the question here presented for decision. The word "sentence"[2] is the key word in the constitutional provision which was construed in the *Stevens* case. The word "convicted", which is the key word of the Statute to be construed here, does not appear in the constitutional provision. Under the constitutional provision, the extent of the sentence is the determining factor in ascertaining whether or not an appeal may be taken to this court. Under the Statute here involved, the "conviction", *i.e.*, the method of ascertaining guilt, is the determining factor and the sentence is no factor at all. Accordingly, the *Stevens* case is not applicable.

The State contends that the issue was settled in *State v. Bundy,* 5 *W. W. Harr.* 529, 168 *A.* 677. The report of that case leaves doubt as to whether the plea of guilty or payment of the fine in the court below was the reason for the dismissal of the

---

[2]It is noteworthy that in *People v. Brown, supra,* the word "sentenced" rather than the word "convicted" was considered more reasonable to indicate a legislative intent to provide a right of appeal after a plea of guilty. 21 *Del. C.* § 708 was enacted in 1929. The constitutional right of appeal was created in 1897. It is to be assumed that the Legislature used the word "convicted" advisedly in 21 *Del. C.* § 708 with knowledge of the terminology of the constitutional provisions and the construction thereof in the *Stevens* case in 1927.

appeal.[3] See *State v. Schreiber*, 5 *W. W. Harr.* 424, 166 *A.* 669; compare *State v. Fisher*, 9 *Terry* 486, 106 *A.* 2d 766. Therefore, the question for decision here is not settled by the *Bundy* case.

The conclusion reached herein is required by a rule of reason and by the symmetry of the law toward which we should strive. Ordinarily, there is no appeal to this court from a judgment of the Municipal Court unless the sentence exceeds the constitutional prescription of a fine of $100 or imprisonment of thirty days. The Statute here involved, however, provides an appeal to this court in traffic cases no matter how small the fine may be. I am convinced that the Legislature must have intended that this extraordinary right of appeal be limited to a trial *de novo* when innocence was asserted in the court below. Where a guilty plea has been entered in the lower court, the usual function of this court upon a constitutional appeal is a review of the sentence imposed below. See *State v. Stevens, supra.* I find it unreasonable to assume that the Legislature intended to expose the time and energies of this, the State court of general jurisdiction, to an unlimited and uncontrolled review of legal sentences in traffic cases in which the guilt of the defendant has been admitted and the sentence is less than that specified by law for review in other types of criminal offenses.

It is held that a right of appeal is not granted by 21 *Del. C.* § 708 to the defendant who entered a plea of guilty in the court below. Since the nature of the sentence does not entitle the defendant to an appeal under the constitutional provision, there was no error in the refusal of the Municipal Court to allow an appeal in this case.

The judgment below will be affirmed.

[3]An examination of the records in the *Bundy* case indicates that the fine was not paid before the appeal was taken. It may be concluded, therefore, that the dismissal of the appeal in that case was based upon the guilty plea in the lower court.