*Motor Vehicle Administration v. Joshua Salop*, No. 93, September Term 2013

**MOTOR VEHICLE ADMINISTRATION — ADMINISTRATIVE LICENSE SUSPENSION HEARING — INTERSTATE DRIVER LICENSE COMPACT** — Under the interstate Driver License Compact, Maryland Code (1977, 2012 Repl. Vol.), § 16-703 of the Transportation Article, a licensing state is afforded no discretion as to whether to record on a driver's record a conviction reported to it by another party state.  A driver may not, at an administrative license suspension hearing in Maryland, challenge the validity of an out-of-state conviction recorded on his or her driving record under the Compact.

Circuit Court for Montgomery County
Case No. 306894V
Argued: June 4, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 93

September Term, 2013

---

MOTOR VEHICLE ADMINISTRATION

v.

JOSHUA SALOP

---

Barbera, C.J.,
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

---

Opinion by Barbera, C.J.

---

Filed: July 21, 2014

This case involves the interstate Driver License Compact ("Compact"), the articles of which are codified at Maryland Code (1977, 2012 Repl. Vol.), § 16-703 of the Transportation Article (hereinafter "TR"). Presuming that drivers who disregard traffic laws in other states will do so in the home state as well, thereby posing a danger to public safety, the Compact is a comprehensive interstate agreement "designed to promote compliance with motor vehicle laws in the party states and to make the reciprocal recognition of licenses to drive and eligibility more just and equitable."[1] *Gwin v. Motor Vehicle Admin.*, 385 Md. 440, 457 (2005) (quotation and citation omitted). To that end, the Compact requires party states to report all convictions of an out-of-state driver to the state that issued the driver a license to operate a motor vehicle. TR § 16-703, art. III. For certain offenses, the home state then gives the same effect to the conduct underlying the conviction as it would if such conduct had occurred in the home state. TR § 16-703, art. IV(a). In addition to enacting the articles of the Compact, 1987 Md. Laws ch. 320, Maryland has adopted other laws that relate to its enforcement. TR §§ 16-701 – 16-708. Of particular relevance, one such provision, TR § 16-708, provides for judicial review of acts done under the Compact and sets forth the scope of that judicial review.

In 2012, Respondent Joshua Salop, who held a provisional driver's license,[2] paid a

---

[1] Forty states and the District of Columbia are parties to the Compact. Party states "join in the Compact in the form substantially as the Compact appears in [TR § 16-703]." TR § 16-702.

[2] The MVA has established a graduated licensing system for new drivers under the age of 25. First, a driver is issued a learner's instructional permit, TR § 16-105(a), (d), which

(continued...)

fine for speeding in Delaware, which is a party state to the Compact. Pursuant to the Compact, the Delaware Division of Motor Vehicles ("DMV"), the licensing authority in that state, reported to the Maryland Motor Vehicle Administration ("MVA"), the licensing authority in our state, that Respondent had been convicted of speeding. The MVA recorded a speeding conviction on Respondent's Maryland driving record and sent Respondent notice that it would be suspending his license for 30 days.

Respondent contested the suspension at an administrative hearing before an administrative law judge ("ALJ") of the Office of Administrative Hearings ("OAH"), arguing that his payment of the speeding ticket did not constitute a conviction under Delaware law. The ALJ, in rendering a decision on behalf of the MVA, refused to consider that argument. Upon judicial review, however, the Circuit Court for Montgomery County ruled that the payment of a fine did not constitute a conviction under Delaware law, reversing the decision of the ALJ. For the reasons that follow, we reverse the judgment of the Circuit Court for Montgomery County, with the direction to reinstate the decision of the ALJ.

I.

Respondent received a ticket for speeding while driving in Delaware on March 3,

[2](...continued)
he or she must hold for a minimum of nine months while satisfying requirements such as the completion of a driver education course. Upon the satisfaction of those requirements, a driver may obtain a provisional license, TR § 16-111, which allows unsupervised, but restricted, driving. Finally, the provisional license holder may obtain a full driver's license, which grants unrestricted driving privileges, after holding the provisional license for 18 months without being convicted of a moving violation. TR § 16-111(d)(1).

2012. He paid the fine associated with the ticket; the matter was not adjudicated in court. Based upon his payment of the fine, the Delaware DMV reported to the MVA that Respondent had been convicted of speeding, and the MVA recorded that conviction on Respondent's Maryland driving record. Accordingly, the MVA sent to Respondent a notice that it would be suspending his provisional license for 30 days.[3] The notice advised that Respondent had the right to request a hearing to show cause why the suspension should not be imposed. Respondent did so, and on June 7, 2012, an ALJ presided over the "show cause" hearing.[4]

---

[3] As the ALJ explained at the hearing, the suspension would be pursuant to TR § 16-213, which provides, in relevant part:

(a) *Definitions.* — (1) In this section the following words have the meanings indicated. . . .
    (3) "Offense" means a moving violation committed by an individual who:
        (i) Held a provisional license under § 16-111 of this title on the date the violation was committed;
        (ii) Was convicted of, or granted a probation before judgment under § 6-220 of the Criminal Procedure Article for, the violation; and
        (iii) Was not eligible for a license under § 116-111.1 of this title at the time of the violation. . . .
  (c) *Penalties.* — The Administration: . . .
    (2) For a second offense:
      (i) For an adult, may suspend the offender's license for up to 30 days
. . . .

[4] Under the Administrative Procedure Act, codified at Maryland Code (1984, 2009 Repl Vol.), § 10-201 *et seq.* of the State Government Article (hereinafter "SG"), an administrative agency may delegate its administrative hearings to the OAH. SG § 10-205(a)(1)(ii)(1). The MVA delegates its administrative hearings to the OAH pursuant to Code of Maryland Regulations 11.11.02.07.

The MVA was not represented at the hearing but submitted into evidence Respondent's Maryland driving record, which listed two moving violations: a 2011 conviction in Maryland for the offense of failure to obey a flashing traffic signal, and a conviction for speeding in Delaware with a conviction date of March 12, 2012, evidently the date the Delaware DMV processed Respondent's payment of the fine.[5] The ALJ reviewed Respondent's driving record and stated, "There appear to have been two violations . . . . So that's why you're here, with the [TR § 16-213(c)(2)] violation." The issue before the ALJ, it appears, was the penalty to be imposed.

Respondent moved the ALJ to "dismiss" the notice of suspension, arguing that the payment of a fine is not a conviction under Delaware law and therefore does not trigger the Compact's reporting requirement.[6] The ALJ denied the motion. The ALJ determined that, once advised of the conviction by Delaware, the MVA properly recorded it on Respondent's Maryland driving record.[7]

The ALJ found that Respondent had two moving violations on his record and,

---

[5] Documentation of Delaware's report to the MVA is not contained in the record of this case.

[6] Respondent also argued that Delaware had not provided sufficient information about the alleged conviction, under Article III of the Compact, to support the finding that he had received a second conviction for a moving violation. The issue of the sufficiency of Delaware's report is not before us on appeal, as Respondent did not file a cross-petition in response to the MVA's petition for writ of certiorari.

[7] The ALJ disagreed with Respondent as to whether the payment of the fine was a conviction, stating that "[F]or payment of a fine, it's normally a conviction."

consequently, concluded that Respondent was in violation of TR § 16-213(c)(2). As to the penalty, in an exercise of his discretion, the ALJ issued a reprimand, rather than the 30-day suspension permitted by statute. The ALJ explained why: "[U]nder these cases where a young person has only had two tickets, my policy has been and continues to be normally, unless there are exigent circumstances, that I simply issue a reprimand and take no action against him, and so that's what I'm going to do."[8] The ALJ advised Respondent that he had the right to appeal the decision of the MVA to the Circuit Court pursuant to the Administrative Procedure Act, which provides that a "party who is aggrieved by the final decision in a contested case is entitled to judicial review of the decision . . . ." Maryland Code (1984, 2009 Repl Vol.), § 10-222(a) of the State Government Article (hereinafter "SG").[9]

_____

[8] After the ALJ announced his decision, Respondent's mother asked if his "18-month count" would start over, presumably referring to the period a provisional license holder must wait before qualifying for a full license. TR § 16-111(d)(1)(ii); *see supra* note 2. The ALJ replied that "you're going to have to talk to the MVA about this."

[9] The MVA contended before the Circuit Court, and maintains before this Court, albeit with scant argument in support, that the MVA's recording of a conviction on a driving record is not a "contested case" under the Administrative Procedure Act. The MVA asserts that such recording is not an agency action taken after the opportunity for a hearing, *see* SG § 10-202, but rather an "administrative act[]" undertaken "to fulfill [the MVA's] recordkeeping responsibilities." To the extent the MVA is arguing that the Circuit Court was palpably without jurisdiction to entertain Respondent's "appeal," we reject the argument. This case has its genesis as a proposed license suspension. Under TR § 16-206(d)(4), a license may not be suspended under TR § 16-213 without the opportunity for a hearing. A license suspension hearing, then, is "a proceeding before an agency to determine . . . [the] suspension . . . of a license that is required by statute or constitution to be determined only after an opportunity for an agency hearing." SG § 10-202(d)(1)(ii). We therefore conclude

(continued...)

Respondent filed a petition for judicial review in the Circuit Court for Montgomery County. He asked the court to reverse the decision of the ALJ and order that the MVA remove the Delaware conviction from his Maryland driving record. Respondent again argued that the mere payment of a fine could not be considered a conviction for purposes of the Compact. For its part, the MVA argued that Respondent could not challenge the validity of the Delaware conviction upon judicial review of the proposed license suspension in Maryland, because TR § 16-708(b) limits judicial review of the "validity" of an out-of-state conviction reported under Article III of the Compact to "establishing the identity of the individual who was convicted in another state." The MVA asserted that the proper place for Respondent to challenge the report of conviction—and, specifically, to litigate whether a fine constitutes a conviction under the law of the reporting state—is in the reporting state, not at a license suspension hearing in the recording state.

The MVA further maintained that, in any event, the payment of a fine *is* a conviction under Maryland and Delaware law and there was sufficient evidence before the ALJ for him to conclude that Respondent had two moving violations on his Maryland driving record. Respondent countered that, under Delaware law, the payment of a fine is an "admission of guilt," not a conviction, and that, under Delaware law, a conviction occurs only after the "judicial determination of guilt after an assertion of innocence and not merely a judicial entry

---

[9](...continued)
that this is indeed a "contested case" for purposes of the Administrative Procedure Act.

of an admission of guilt . . . ." For support of that position, Respondent quoted *Martin v. State*, 116 A.2d 685, 687 (Del. Super. Ct. 1985), a criminal case not involving the Compact.

At the hearing on the petition on January 24, 2013, the Circuit Court reversed the decision of the ALJ. The court ruled that, under Delaware law, Respondent had not been convicted of speeding in Delaware and the ALJ, in finding to the contrary, committed an error of law. Given that "a person can appeal an error of law," the court found Respondent's argument properly before it. In so ruling, the court rejected the MVA's argument that, under TR § 16-708(b), Respondent was entitled only to challenge identity.[10] The court entered a written order the following day reversing the ALJ's conclusion that Respondent was in violation of TR § 16-213(c)(2) and the ALJ's decision to issue a reprimand.

On April 8, 2013, Respondent attempted to convert his provisional license to a full driver's license. He was told by a representative of the MVA that he would have to wait until 18 months from the date of the Delaware conviction to do so, under TR § 16-111(d)(1)(ii). Consequently, Respondent filed in the Circuit Court a "Motion to Reopen Case for the Limited Purpose of Enforcing the Court's January 24, 2013 Ruling." In the motion, Respondent argued that "[t]he [c]ourt's refusal to initially order the MVA to remove the

---

[10] After the Circuit Court announced its decision, counsel for Respondent moved the court to order the MVA to remove the Delaware conviction from Respondent's Maryland driving record. The court ultimately denied the motion, agreeing with the MVA "that I shouldn't tell the MVA what they should do."

-7-

conviction from [his] driving record is a mistake pursuant to [Maryland] Rule 2-535."[11] Respondent contended that the court had committed a mistake in determining "that it did not have the jurisdictional authority to specifically order the MVA to remove the conviction" from Respondent's driving record. In fact, Respondent asserted, the Circuit Court indeed had jurisdiction because a court reviewing the decision of an administrative agency "is under **no constraints** in reversing an administrative decision that is premise[d] solely upon an erroneous conclusion of law." As the Circuit Court ruled that the ALJ committed an error of law in declaring that the payment of a fine is tantamount to a conviction, Respondent argued that the court was "entitled" to order the MVA to do "anything necessary to effectuate [the court's] ruling . . . ."

In response, the MVA filed a "Motion to Dismiss [Respondent's] Motion to Reopen Case or in the Alternative Motion to Revise a Mistake." The MVA argued that the error Respondent alleged was not a "mistake" within the meaning of Maryland Rule 2-535(b), as

---

[11] Maryland Rule 2-535 provides, in relevant part:

> (a) **Generally.** On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534. A motion filed after the announcement or signing by the trial court of a judgment or the return of a verdict but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.
>
> (b) **Fraud, mistake, irregularity.** On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity. . . .

the Circuit Court did not lack the "power" to enter the January 25, 2013 judgment. The MVA asserted that the true jurisdictional mistake occurred when the Circuit Court considered, and ruled on, Respondent's argument that he had not received a conviction in Delaware, because the court was prohibited, under TR § 16-708(b), from doing so on the ground upon which it did.[12] The MVA suggested that, upon the MVA's refusal to issue to him a full driver's license, Respondent should have sought relief in the form of an administrative hearing, as opposed to attempting to reopen the Circuit Court case.

Without holding a hearing, the Circuit Court issued an order on June 21, 2013, granting Respondent's motion and ordering the MVA to remove the Delaware conviction from Respondent's Maryland driving record. The MVA filed a petition for writ of certiorari with this Court, seeking our review of the following questions:

1. Did the Circuit Court exceed the scope of its authority by ordering the MVA to remove a reported Delaware speeding conviction from [Respondent's] driving record, where Maryland's adoption of the Driver License Compact mandates that the MVA maintain a record of each out-of-state conviction reported by states that are parties to the Compact and Maryland law provides no right to judicial review of the MVA's maintenance of [Respondent's] driving record?

2. Did the Circuit Court err as a matter of law or abuse its discretion when it used its revisory power under [Maryland] Rule 2-535(b) to correct a non-jurisdictional "mistake," given this Court's long-standing precedent confining

_____

[12] At oral argument before this Court, counsel for the MVA explained that he did not challenge the initial order until after Respondent filed the motion to reopen because the initial order merely required the MVA to "remov[e] [the] reprimand." Once the Circuit Court ordered the MVA to delete an entry from Respondent's driving record, the MVA then perceived a "problem."

a Circuit Court's authority under this Rule to correcting only jurisdictional errors?

3. Did the Circuit Court exceed the permissible scope of review by reviewing the underlying validity of Delaware's reported conviction, in light of the plain language in [TR] § 16-708 strictly limiting judicial review of reported out-of-state convictions?

We granted the petition. *Motor Vehicle Admin. v. Salop*, 435 Md. 266 (2013). As we shall see, in accordance with the well-established principles of appellate review of administrative agency decisions, we resolve the case on the basis of the ALJ's decision, not the rulings of the Circuit Court.

II.

This case comes to us on judicial review of the decision of the MVA, an administrative agency, via the ALJ. The rules by which we undertake such review are well-known. We examine the decision of the agency, not that of the preceding reviewing court. *Employees' Ret. Sys. of Balt. v. Dorsey*, 430 Md. 100, 110 (2013). Our role is narrow, as "it is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Md. Aviation Admin. v. Noland*, 386 Md. 556, 571 (2005) (quoting *Bd. of Physician Quality Assur. v. Banks*, 354 Md. 59, 67-68 (1999)) (quotations and citations omitted).

In applying the test for substantial evidence, we "decide[] whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." *Noland*, 386 Md.

at 571 (quoting *Banks*, 354 Md. at 68) (quotations and citations omitted).  We defer to the agency's factual findings, if supported by the record.  *Id.*  Moreover, we "review the agency's decision in the light most favorable to it; . . . the agency's decision is prima facie correct and presumed valid, and . . . it is the agency's province to resolve conflicting evidence and to draw inferences from that evidence."  *Id.* (alteration in original) (quotations and citations omitted).

With respect to the agency's conclusions of law, "a certain amount of deference may be afforded when the agency is interpreting or applying the statute the agency itself administers."  *Dorsey*, 430 Md. at 111.  "We are under no constraint, however, to affirm an agency decision premised solely upon an erroneous conclusion of law."  *Thomas v. State Ret. & Pension Sys.*, 420 Md. 45, 54-55 (2011) (quotations and citations omitted).

In his decision, the ALJ concluded that Respondent had violated TR § 16-213(c)(2). That legal conclusion was based on the factual finding that Respondent had two moving violations on his Maryland driving record, the second of which occurred in Delaware.  It is the second of those moving violations that is the subject of the parties' dispute.  Respondent maintains that, under the Compact, his payment of a fine in Delaware for a speeding ticket should not have been reported as a conviction to the MVA.  The MVA responds that Maryland recorded the conviction for speeding in compliance with the Compact, because it had no discretion to decide whether the recorded conviction, in fact, was a conviction under Delaware law.  At issue, then, is the interpretation of the Compact.

Specifically, Respondent argues that his payment of the fine for a speeding ticket is not a conviction under the Compact, for the reason that it is not a conviction under Delaware law. His payment of a fine was not a conviction under Delaware law, he argues, given a decision of the Superior Court of Delaware in *Martin*, 116 A.2d at 687, instructing that a conviction occurs only after an assertion of innocence followed by a judicial determination of guilt. He interprets Article II[13] to mean that his payment of the fine, if not a conviction under Delaware law, may not be considered a conviction under the Compact. He asserts that the MVA erred in recording a conviction where there was not one.

The MVA argues that it recorded a conviction on Respondent's driving record in response to Delaware's report of a conviction, as the Compact requires. The MVA suggests that the Compact envisions a simple sequence of events: the reporting state makes a report under Article III, and the recording state records under Article IV. Recording is, for practical purposes, automatic; the licensing authority in the recording state enjoys no discretion to determine whether a conviction was, in fact, a conviction under the reporting state's law. We conclude by examination of the Compact that the MVA has the better part of the argument.

---

[13] Article II of the Compact defines "conviction" as:

a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation, or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense, and which conviction or forfeiture is required to be reported to the licensing authority.

Articles III and IV of the Compact speak to the respective powers and duties of the reporting state and the recording state. Article III imposes the reporting obligation on a party state when a conviction occurs in that state, and Article IV imposes the recording obligation on a licensing state when it receives a report that one of its drivers has been convicted of an offense in another party state.

Article III sets forth the reporting duty, as follows: "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee."[14] The recording duty is found in Article IV. Subsection (a) states that, in the case of convictions for certain serious offenses (such as driving under the influence of alcohol), the licensing authority in the home state is to give the conviction the same effect as it would if such conduct had occurred in the home state.[15] Subsection (b) discusses the case of convictions for other, less serious offenses

---

[14] The remainder of Article III specifies the contents of the report:

Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith.

As we have explained, Respondent's argument that Delaware's report was insufficient under Article III is not before this Court.

[15] Subsection (c) of Article IV clarifies that when the laws of a party state do not describe offenses in precisely the same words employed in subsection (a), the party state shall construe the descriptions appearing in subsection (a) as identifying those offenses that are

(continued...)

(such as speeding, relevant here): "As to any other convictions, reported pursuant to Article III, the licensing authority in the home state shall record the conviction on the individual's driving record, but may not assess points for the conviction."[16]

Reading Articles III and IV of the Compact together, the role of the recording state is clear. Article IV employs mandatory language in instructing the recording state ("shall record") and is silent as to considering the merits of a conviction. The licensing state is afforded no discretion under Article IV as to whether to record a conviction reported to it by a party state under Article III, and we so hold. The Supreme Court of Pennsylvania has arrived at the same conclusion. *See Siekierda v. Department of Transportation*, 860 A.2d 76, 86-87 (Pa. 2004) (interpreting the Compact).

The ALJ correctly applied the Compact when he found that Respondent had a second moving violation on his driving record. As the ALJ explained, "The State of Delaware [] advised Maryland that [Respondent] had a conviction in Delaware for speeding . . . ." That report triggered an obligation on the part of the MVA to record the conviction; it could not, under the Compact, consider the underlying facts and law that led to the conviction. With the Delaware conviction on his driving record, Respondent had two moving violations. We

_____

[15](...continued)
of a "substantially similar nature."

[16] In fact, Maryland imposes requirements beyond those of Article IV(b). TR § 16-707(b) ("For the purposes of Article IV(b) of the Compact, the Administration shall give the same effect to a conviction in another state reported under Article III of the Compact, other than a conviction described under Article IV(a) of the Compact, as the Administration would for an identical or substantially similar conviction under the Maryland Vehicle Law.").

therefore affirm the conclusion of the ALJ that Respondent violated TR § 16-213(c)(2).[17]

## III.

Notwithstanding that our role is to "look through" the decision of the Circuit Court, *Green v. Church of Jesus Christ of Latter-Day Saints*, 430 Md. 119, 132 (2013), we deem it appropriate to explain how that court erred in reversing the decision of the ALJ.[18] The MVA argues that the Circuit Court exceeded the scope of its review in considering, and ruling on, Respondent's argument that the payment of a fine is not a conviction under Delaware law. We agree.

The jurisdiction of a Circuit Court "is determined by the applicable constitutional and statutory provisions." *Kent Island, LLC v. DiNapoli*, 430 Md. 348, 363 (2013) (citation omitted); *see also* Md. Code (1973, 2013 Repl. Vol.), § 1-501 of the Courts and Judicial Proceedings Article ("Each [Circuit Court] has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited . . . .").

---

[17] Accordingly, we also affirm the decision of the ALJ to issue to Respondent a reprimand, rather than a 30-day suspension. The penalty for a violation of TR § 16-213 is at the discretion of the MVA: "The Administration . . . *may* suspend the offender's license for up to 30 days . . . ." (Emphasis added.)

[18] In its petition for writ of certiorari, the MVA requested review of the Circuit Court's revised order directing the MVA to remove the Delaware conviction from Respondent's Maryland driving record. In conducting our review, we consider both the revised order and the initial order reversing the decision of the ALJ, because the revised order necessarily, albeit impliedly, incorporates the initial order.

-15-

The scope of judicial review of convictions reported under the Compact is set forth in TR § 16-708.  Subsection (a) provides:

> (a) *Acts or omissions under or in enforcement of Compact.* — Subject to the provisions of subsection (b) of this section, an act or omission of an official or employee of this State done or omitted under, or in enforcement of, the provisions of the Compact shall be subject to judicial review under the provisions of Title 10, Subtitle 2 (Administrative Procedure Act) of the State Government Article.

Subsection (b), as we have said, limits judicial review of acts done under the Compact, as follows:

> (b) *Validity of conviction in another state.* — Judicial review of the validity of a conviction in another state reported under Article III of the Compact shall be limited to establishing the identity of the individual who was convicted in another state.

The MVA argues that, in contending that Delaware incorrectly reported his payment of a fine as a conviction for speeding, Respondent challenged the "validity" of his Delaware conviction, and the plain language of subsection (b) expressly prohibits consideration of such challenges on judicial review.  Respondent answers with two arguments as to why the Circuit Court did not exceed the scope of its review in considering the contention that the payment of a fine in Delaware is not a conviction under Delaware law.  He argues first that the Circuit Court had the authority under TR § 16-708(a) to consider his contention, because the recording of the Delaware conviction on Respondent's Maryland driving record was an "act" "done . . . under" the provisions of the Compact.  Second, Respondent argues that he was not challenging the "validity" of the Delaware conviction, but rather the ALJ's legal conclusion

-16-

that he violated TR § 16-213(c)(2). He asserts that the Circuit Court reviewed the record as a whole to determine if there was substantial evidence to support the ALJ's findings and conclusions and if that decision was premised upon an erroneous conclusion of law.

Respondent's reliance on TR § 16-708(a) is misplaced. Although that subsection provides for judicial review of acts done under the Compact, the grant of judicial review therein is "[s]ubject to the provisions of subsection (b)," which limits the scope of that judicial review. As noted, subsection (b) proscribes judicial review in Maryland of the "validity of a conviction in another state reported under Article III of the Compact," unless the challenge is to the identity of the person convicted of the offense. The contention that the payment of a fine is not a conviction under Delaware law plainly concerns the "validity" of the Delaware conviction, and is not a challenge to the identity of the person who paid the fine associated with the speeding ticket. Consideration of that contention is prohibited by TR § 16-708(b), and the Circuit Court ran afoul of the statute by entertaining the argument.[19]

IV.

At bottom, Respondent's quarrel is with the Delaware Division of Motor Vehicles for reporting his payment of a fine as a conviction. It is not reasonable—nor, under the Compact, permissible—for us to place the onus on the MVA of ensuring the validity of

---

[19] In their briefs, the parties make extensive arguments concerning the propriety of the Circuit Court's granting Respondent's motion to revise the judgment based on "mistake," as that term is contemplated by Maryland Rule 2-535. Given our disposition of this case on other grounds, we need not, and therefore do not, address those arguments.

-17-

convictions occurring in other states, thereby frustrating the purpose of the Compact.  The

ALJ was correct in refusing to do so.  Respondent's grievance is with the Delaware DMV

and his redress should be sought in Delaware, if still possible.

> **JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE DECISION OF THE MOTOR VEHICLE ADMINISTRATION; COSTS TO BE PAID BY RESPONDENT.**