STATE OF DELAWARE v. THOMAS C. GALE.

(*March* 18, 1957.)

LAYTON, J., sitting.

*Wilfred J. Smith, Jr.*, Deputy Attorney-General, for the State.

*Norman N. Aerenson* for the Defendant.

Superior Court for New Castle County, No. 452, Cr. A., 1955.

LAYTON, J.:

In *State v. Waters*, 11 *Terry* 257, 128 *A*. 2d 556, January 7, 1957, I denied the State's motion to dismiss defendant's appeal in a similar case upon the authority of *State v. Stevens*, 3 *W. W. Harr.* 479, 139 *A*. 78, adding by way of a footnote, "If there is merit in the Attorney General's argument that the right of appeal in this instance should be limited to a review of the sentence above and not amount to a trial *de novo*, such contention is not properly before me at this stage of the proceeding." However, the question is now squarely raised.

Prior to an examination of the language of the Constitution itself, it is appropriate to notice two things, first, the undesirability from a practical point of view[2] of permitting appeals

[2]It would permit defendants below to enter into a guessing game as to the reasonableness of the sentence in the Court below knowing, that if the sentence were higher than, in defendant's judgment, was reasonable, he could arbitrarily appeal and obtain a new trial. Moreover, it would tend to encourage perjury.

by way of a trial *de novo* from judgments rendered upon pleas of guilty and, secondly, the fact that, in the absence of a special statute or Constitutional provision, the better reasoned authorities deny the right of a person who pled guilty below to an outright appeal. Compare *Commonwealth v. Marino*, 254 *Mass.* 533, 150 *N. E.* 841, where the appeal was limited to a review of the sentence below alone.

While the question was not squarely before him, Judge Rodney took occasion to comment on this very situation in *State v. Stevens, supra*. After examining the debates of the *Constitutional Convention of* 1897, Judge Rodney concluded that the true purpose and meaning of the language above quoted from Article 4, Sec. 28, was that the right of appeal therein provided for was limited to a review of the sentence:

"An inspection of the debates in Volume 7, pp. 4755-5793, is clearly indicative of the fact that the provision allowing an appeal was inserted for the express purpose of allowing a review of the case where any judge or justice had imposed what might be considered as an immoderate sentence or where the offense might not be commensurate with the penalty imposed. The limit of a fine of $100 or imprisonment of 30 days was an arbitrary specification by the *Convention*, these particular figures being adopted in order to make the various appellate proceedings consistent." [3 *W. W. Harr.* 479, 139 *A.* 79.]

While the quoted language is *dictum*, I am of the opinion it represents the true interpretation of the Constitutional provision here under consideration. Judge Herrmann in *Martin v. State*, 10 *Terry* 344, 116 *A.* 2d 685, and Judge Carey in *Buckingham v. State, No.* 52 *May Term*, 1951 (unreported memorandum opinion) have both referred to it with approval.

State's motion granted.