WILLIAM A. JONES, Petitioner Below, Appellant, v. WARDEN RAYMOND A. ANDERSON, Respondent Below, Appellee.

(*June* 29, 1962.)

SOUTHERLAND, Chief Justice, and WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for appellant.

*E. Norman Veasey* and *Warren B. Burt*, Deputy Attorneys General, for the State.

Supreme Court of the State of Delaware, No. 17, 1962.

SOUTHERLAND, C. J.:

This case concerns a violation of the narcotics laws and a claim by the prisoner of violations of his constitutional rights in respect of his arrest and the search of his person. Because the record raises questions of procedure of some importance, the course of the proceedings below must be set forth in detail.

Appellant Jones has a long police record, which includes convictions for violations of the narcotics laws. On the night of April 18, 1961, Wilmington police officers, believing him to be illegally carrying drugs, stopped him on Poplar Street, took from him some marijuana cigarettes, and placed him under arrest. He contends that the seizure and arrest were violations of his constitutional rights.

On the next day he was charged in the Municipal Court with illegal possession of marijuana, and pleaded guilty. On May 5 he was sentenced to pay a fine of $500 and to be imprisoned for five years.

Sometime later Jones wrote to one of the Superior Court judges, apparently claiming that he had been deprived of his right of appeal. That court on July 5 appointed counsel for him.

On September 11, before his counsel had begun on his behalf any proceedings in the Municipal Court, Jones, without the knowledge or help of his counsel, filed in the Superior Court a petition for a writ of habeas corpus. He asserted that his arrest and the seizure of the marijuana were in violation of his constitutional rights. At an informal hearing, court and counsel agreed that the petition was premature, and further hearing was deferred pending proceedings in the Municipal Court.

On September 21 counsel for Jones filed in the Municipal Court a petition to open the judgment of conviction and permit the prisoner to withdraw the plea of guilty. After hearing

the court denied the petition but gave leave to appeal. The appeal was filed. Whether it is properly before the Superior Court is another question. We note that it was filed long after the expiration of the period of fifteen days prescribed by Rule 37 of the Rules of Criminal Procedure, *Del. C. Ann.* The effect of this delay, however, is a question not before us.

██ Even if the appeal were properly before the Superior Court, its scope would be limited to a review of the sentence. *State v. Gale*, 11 *Terry* 354, 50 *Del.* 354, 130 *A.* 2d 786. Accordingly, the petition for habeas corpus was brought on for hearing. The State moved to dismiss, and a full hearing was had. The court below granted the State's motion, holding that habeas corpus afforded no remedy because the commitment was regular on its face. The court relied on our decisions in *Curran v. Woolley*, 9 *Terry* 382, 48 *Del.* 382, 104 *A.* 2d 771, and *Golla v. State*, 11 *Terry* 497, 50 *Del.* 497, 135 *A.* 2d 137.

We think that the court below was right. The two cited cases are decisive of the point.

Counsel for Jones, however, insists that if habeas corpus is not available he has no remedy whatever, and that such a result is contrary to the command of the Federal Constitution that a procedure of some kind must be provided to afford any prisoner an opportunity after conviction to raise questions of due process of law. He points to the qualifying language in the *Curran* opinion. We said that habeas corpus was not available to a prisoner in custody by reason of a valid sentence by a court of competent jurisdiction, "except possibly under extraordinary circumstances" not present in that case. 9 *Terry* 387, 48 *Del.* 387, 104 *A.* 2d 771.

██ Counsel is certainly correct in stating that he is entitled under federal law to an adequate post-conviction remedy. But we disagree that the State has not provided such a remedy. That has been provided by Rule 35 of the Rules of

Criminal Procedure, promulgated by this Court and effective February 12, 1953. This rule is quoted and discussed in the *Curran* case and need not be set forth again here. Any prisoner claiming that his conviction was tainted by a violation of constitutional rights may invoke the protection of the rule at any time.

Counsel for the prisoner makes the point that this rule is not in terms applicable to trials and convictions in the inferior courts. This appears to be correct. Rule 1 of the Rules of Criminal Procedure, defining their scope, reads:

"These rules govern the procedure in the Superior Court of the State of Delaware in all criminal proceedings and the procedure before Justices of the Peace, Courts of Common Pleas in each of the counties, the Municipal Court for the City of Wilmington, The Family Court for New Castle County and the Juvenile Courts for each of the counties, in proceedings preliminary to indictment by grand jury or the filing of an information in the Superior Court."

The phrase "in proceedings preliminary to indictment", etc., appears to refer to those cases in which the lower court judge acts as a committing magistrate.

But there is no reason why, by analogy, the inferior court should not follow the practice provided for the Superior Court in similar cases. We so ruled in *State v. Insley*, 1 *Storey* 196, 51 *Del.* 196, 141 *A.* 2d 619. That case concerned an application by a defendant convicted before a Justice of the Peace to set aside the conviction and re-try the case. We held that Criminal Rule 32(d) should be followed. This rule permits the withdrawal of a plea of guilty after conviction "to correct manifest injustice." In effect, this was the practice followed here before the Municipal Court.

But, says counsel for the prisoner, surely that decision ought to be reviewable by the Superior Court, but how is it

to be done? The constitutional appeal under Section 28 of Article IV, *Del. C. Ann.*, after plea of guilty cannot bring up such a decision for review, as already noted.

We entertain no doubt that the decision must be reviewable. We think that the proper practice for one aggrieved by the decision of the inferior court is to file a petition under Rule 35, reciting the facts and attaching a copy of the record below. If affidavits were filed below, copies thereof should also be attached. A transcript of oral testimony will not ordinarily be available. In either event, a hearing on the lower court's ruling must be had, with this qualification, that appropriate weight must be given to the finding below, which, absent any error of law, will be disturbed only upon a showing of abuse of discretion. *State v. Insley, supra.*

We fully realize that the procedure applicable to cases like this has not heretofore been settled, and hence the Superior Court has been without any authoritative precedent or guide. See, for example, its recent decision in *State v. Stoesser* (June 7, 1962).

We suggest that it might be appropriate for the Superior Court to adopt a rule dealing specifically with applications of this sort. Consideration might be given to a requirement that such applications must be supported by affidavits (whether or not testimony is taken), in order to supply the Superior Court on review with knowledge of the grounds of the application. These matters, however, are for the Superior Court to determine.

The judgment below is affirmed, without prejudice to the right of the appellant to proceed to seek review in the Superior Court of the refusal of the Municipal Court to grant his application.