**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE          )
                           )
v.                         )          I.D. No. 1401017199
                           )
NATHANIEL BARKSDALE,       )
                           )
          Defendant.       )

**ORDER**

This 8th day of July, 2014, upon consideration of Petitioner/Defendant Nathaniel Barksdale's Petition for a Writ of Habeas Corpus,[1] the Commissioner's Report and Recommendation and the record in this case, the Court finds the following:

1)      The Petitioner/Defendant, Nathaniel Barksdale, is under indictment and being held in lieu of bail for: one count of Arson in the Second Degree, one count of Arson in the Third Degree, and two counts of Criminal Trespass in the Second Degree.[2]

---

[1]     Barksdale, although he is represented by counsel, has filed this *pro se* habeas petition seeking release from or dismissal of his pending criminal charges.

[2]     DEL. CODE ANN. tit. 11, § 802 (2014); DEL. CODE ANN. tit. 11, § 801 (2014); and DEL. CODE ANN. tit. 11, § 822 (2014).

2)      This Petition was before Superior Court Commissioner Mark S. Vavala pursuant to 10 *Del. C.* § 512(b) and Superior Court Civil Rule 132 for proposed findings of facts and recommendations for a disposition.

3)      The Commissioner has filed the attached Report and Recommendation suggesting that the Court deny Barksdale's Petition for a Writ of Habeas Corpus.  No objections to the Report have been filed.

4)      Barksdale appears to contend that this Court should grant his petition for a writ of *habeas corpus* now because, in his view, the State's evidence is insufficient to convict him.[3]  This contention is without merit.  In Delaware, the writ of *habeas corpus* provides relief on a very limited basis.[4]  Pursuant to § 6902(1) of Title 10, a writ of *habeas corpus* may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."  Consequently, no prisoner whose commitment is regular on its face can obtain release through a state *habeas corpus* petition.[5]  The record in this case reflects that Barksdale is charged with numerous felony and misdemeanor offenses over which the Superior Court clearly has

---

[3]      *Pet.* at ¶¶ 4 – 5.

[4]      *Hall v. Carr,* 692 A.2d 888, 891 (Del. 1997).

[5]      *Jones v. Anderson,* 183 A.2d 177, 178 (Del. 1962).

jurisdiction.[6]  Secured bail was set at the time of Barksdale's original commitment and he has had the opportunity to have that bail reviewed at least twice.  (D.I. 1, 2, and 6).  Accordingly, Barksdale, whose commitment is regular on its face, is not entitled to *habeas corpus* relief.[7]

NOW THEREFORE, after careful and *de novo* review of the record in this action, and for reasons stated here and in the Commissioner's Report and Recommendations of June 13, 2014,

IT IS ORDERED that the Commissioner's Report, including its recommendation, is adopted by the Court.  Barksdale's Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED**.

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary:
cc:    Commissioner Mark S. Vavala
       Barzilai Axelrod, Esquire, DAG
       Sean Motoyoshi, Esquire
       Nathaniel Barksdale
       Investigative Services

---

[6]    *See* DEL. CODE ANN. tit. 11, § 2701(c) (2014).

[7]    *See* DEL. CODE ANN. tit. 10, § 6902(1) (2014); *Johnson v. Williams*, 2006 WL 1519419 (Del. May 31, 2006)(no basis for the issuance of a writ of habeas corpus when defendant being held by the Department of Correction in default of bail while awaiting trial and has not demonstrated that this Court lacked jurisdiction to indict him); *Johnson v. State,* 2005 WL 2123789 (Del. Aug. 31, 2005) (same); *Norwood v. State,* 2001 WL 1329692 (Del. Oct. 23, 2001) (same).