IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JARON R. BENNEFIELD, | § | |
| | § | No. 481, 2015 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. K15M-08-004 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: October 21, 2015
Decided: December 18, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 18th day of December 2015, having considered the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Jaron R. Bennefield, filed this appeal from the Superior Court's order dated August 13, 2015, dismissing his petition for a writ of *habeas corpus*. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Bennefield was indicted in 2014 on one count of Drug Dealing, three counts of Possession of a Deadly Weapon

during the Commission of a Felony, one count of Endangering the Welfare of a Child, and one count of Possession of Drug Paraphernalia.[1]  On May 26, 2015, Bennefield pled guilty to Drug Dealing in exchange for the State's agreement to dismiss the other charges in the indictment and to recommend no more than three years of incarceration.  On July 14, 2015, after a presentence investigation, Bennefield was sentenced to eight years at Level V suspended after two years for one year at Level III probation.  Bennefield did not file a direct appeal from the guilty plea conviction or the sentence.

(3)    On August 12, 2015, Bennefield filed a petition for a writ of *habeas corpus*[2] claiming that his imprisonment is illegal because he is innocent of Drug Dealing.  By order dated August 13, 2015, the Superior Court dismissed the petition after finding that Bennefield was being lawfully held at Level V incarceration under the sentence imposed on July 14, 2015. The Superior Court advised Bennefield that a petition for a writ of *habeas corpus* "is not the correct means to petition the Court for postconviction remedy."

(4)    On appeal from the dismissal of his *habeas corpus* petition, Bennefield continues to argue that he is being "incarcerated illegally without

---

[1] The Court has taken judicial notice of the Superior Court docket and pleadings in *State v. Bennefield*, Del. Super., Cr. ID No. 1403003182.

[2] *See* 10 *Del. C.*, ch. 69 (governing *habeas corpus*).

2

cause or criminal activity." He asks this Court to "release him from incarceration immediately."

(5) Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court correctly determined that Bennefield's petition did not support the issuance of a writ of *habeas corpus*.

> Under Delaware law a writ of *habeas corpus* is a remedy ordinarily available to the defendant only when there is an illegal restraint of the defendant's liberty. Generally, the scope of the writ is limited to determining questions of jurisdiction and the lawful power of the custodian to hold the petitioner.[3] Where the commitment was regular on its face and the court clearly had jurisdiction over the subject matter, *habeas corpus* does not afford a remedy to the petitioner.[4]

(6) In this case, the Superior Court had subject matter jurisdiction over the charges in the indictment, the authority to accept Bennefield's guilty plea to Drug Dealing, and the authority to impose a sentence for the conviction.[5] The Superior Court's commitment of Bennefield to the custody of the Department of Correction to serve the sentence is valid on its face. Under these circumstances, Bennefield is not entitled to *habeas corpus* relief.

---

[3] *Evans v. State*, 1988 WL 46628 (Del. May 10, 1988) (citations omitted).

[4] *Id.* (citing *Curran v. Wooley*, 104 A.2d 771 (Del. 1954); *Jones v. Anderson*, 183 A.2d 177 (Del. 1962)).

[5] 11 *Del. C.* § 2701(c), (e).

(7)     The Court notes, as did the Superior Court, that Bennefield's claims of actual innocence and insufficient evidence, and any other claims seeking to set aside the final judgment of conviction, must be brought in a postconviction proceeding under Superior Court Criminal Rule 61.[6] Claims for postconviction relief are not cognizable in a petition for a writ of *habeas corpus*.[7]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] Del. Super. Ct. Crim. R. 61(a)(1) (providing, in relevant part, that "[t]his rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction").

[7] Del. Super. Ct. Crim. R. 61(a)(2) ("The remedy afforded by this rule may not be sought by a petition for a writ of *habeas corpus* or in any manner other than as provided herein.").