IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM JOSEPH WEBB JR.,          §
                                  § No. 155, 2016
        Petitioner Below,         §
        Appellant,                § Court Below:  Superior Court
                                  § of the State of Delaware
        v.                        §
                                  § C.A. No. N16M-02-191
STEVEN WESLEY,                    §
                                  §
        Respondent Below,         §
        Appellee.                 §

Submitted:  June 20, 2016
Decided:    August 24, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 24th day of August 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, William Joseph Webb, Jr., filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Webb's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On February 18, 2016, Webb resolved two cases in the Court of Common Pleas by pleading guilty to Harassment and Noncompliance with Bond

Conditions. Webb was immediately sentenced to thirty days of Level V incarceration for Harassment and one year of Level V incarceration, with credit for thirty days, suspended for Level II probation for Noncompliance with Bond Conditions.

(3) On March 1, 2016, Webb filed a petition for a writ of habeas corpus in the Superior Court. In an order dated March 2, 2016, the Superior Court denied the petition. The Superior Court held that Webb was legally detained as a result of his thirty day Level V sentence for Harassment. This appeal followed. In his opening brief, Webb argues that: (i) the Superior Court judge should have recused himself because he recused himself from sentencing Webb in a different case in 2000 after Webb threatened him; and (ii) the respondent's failure to answer the petition violates the spirit and purpose of the Superior Court's habeas corpus jurisdiction under 10 *Del. C.* § 6901.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[1] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[2] Where the commitment is regular on its face and the

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[2] *Id.*

court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[3]

(5)     Webb has offered no evidence that the Court of Common Pleas lacked jurisdiction to sentence him or that the commitment was irregular on its face.  As to his claim regarding the Superior Court judge, there is no indication that the Superior Court judge recognized Webb's name from more than fifteen years earlier or was required to recuse himself.  By threatening a judge, a defendant cannot create grounds requiring the judge to recuse herself.  When a litigant engages in improper conduct in a proceeding, he cannot then claim that the judge who observed, or in this case, was targeted by that conduct is then disqualified from presiding over cases involving him.[4]

(6)     As to Webb's claim regarding § 6901, nothing in that provision requires a response to a petition for a writ of habeas corpus.  The Superior Court did not err in denying Webb's petition for a writ of habeas corpus.  As the State

---

[3] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

[4] *See, e.g., Robinson v. State*, 2005 WL 535007, at *1 (Del. Feb. 14, 2005) (holding Superior Court judge was not required to disqualify himself from presiding over sentence review hearing of defendant who had previously been charged with threatening him in a different case); *State v. Fink*, 2002 WL 1335302, at *2 (Del. Super. Ct. June 14, 2002) ("[I]t is also generally held that comments which a defendant makes critical of a judge, threats or insults directed to a judge, or even threats of violence against a judge do not require disqualification."); Richard E. Flamm, Judicial Disqualification:  Recusal and Disqualification of Judges, § 21.7 at 634-35 (2d ed. 2007) (recognizing litigant should not be permitted to create grounds for disqualification of judge by making threats against judge).

3

also points out, it appears that the petition is likely moot as Webb would have completed his thirty day Level V sentence for Harrassment and does not claim to remain incarcerated on that conviction.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

4