IN THE SUPREME COURT OF THE STATE OF DELAWARE

DONALD J. BOYER, §
§ No. 288, 2017
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N17M-06-327
STATE OF DELAWARE, § Cr. ID No. 86010533DI (N)
§
Plaintiff Below, §
Appellee. §

Submitted: October 11, 2017
Decided: November 8, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 8th day of November 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Donald J. Boyer, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shelley's opening brief that his appeal is without merit. We agree and affirm.

(2) On April 2, 1980, a Superior Court jury found Boyer guilty of multiple crimes, including Attempted Murder in the First Degree. Boyer was sentenced to life imprisonment for Attempted Murder in the First Degree, plus fourteen years for

his other convictions. This Court affirmed the Superior Court's judgment on direct appeal[1] as well as the Superior Court's denial of Boyer's motions for postconviction relief.[2]

(3) On June 29, 2017, Boyer filed a petition for a writ of habeas corpus in the Superior Court. On July 5, 2017, the Superior Court denied the petition. The Superior Court found Boyer was legally detained. This appeal followed. In his opening brief, Boyer argues that he has been illegally detained since 1996 because the Department of Correction records show a 1996 release date for his sentences.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[3] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[5]

(5) Boyer has offered no evidence that the Superior Court lacked jurisdiction to sentence him or that the commitment was irregular on its face. The

---

[1] *Boyer v. State*, 436 A.2d 1118 (Del. 1981).
[2] *See, e.g., Boyer v. State*, 2014 WL 1512802, at *1 (Del. Apr. 15, 2014) (affirming denial of Boyer's fourth motion for postconviction relief).
[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[4] *Id.*
[5] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

sentencing order and Department of Correction records reflect Boyer was sentenced to life imprisonment for Attempted Murder in the First Degree. The Superior Court did not err in denying Boyer's petition for a writ of habeas corpus.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

3