IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL BRUNHAMMER, | § | |
| | § | No. 222, 2018 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N18M-03-324 |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 6, 2018
Decided: August 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1)    The appellant, Paul Brunhammer, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brunhammer's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In October 2010, Brunhammer was indicted for two counts of Rape in the Second Degree and one count of Sexual Solicitation of a Child.  At that time, he was serving a seven-year sentence for another crime in New Jersey.  After he was

returned to Delaware, Brunhammer pled guilty to Rape in the Third Degree, a lesser included offense of Rape in the Second Degree. The Superior Court sentenced Brunhammer to twenty-five years of Level V incarceration, suspended after ten years for two years of Level III probation. On direct appeal, this Court held that Brunhammer had waived his speedy trial claim by knowingly and voluntarily pleading guilty.[1] We affirmed Brunhammer's conviction.[2]

(3) On March 27, 2018, Brunhammer filed a petition for a writ of habeas corpus in the Superior Court. On March 29, 2018, the Superior Court denied the petition, finding Brunhammer was legally detained. As he did below, Brunhammer argues that he is entitled to a petition for a writ of habeas corpus because the State violated his right to a speedy trial.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[3] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] Where the commitment is regular on its face and the court clearly

---

[1] *Brunhammer v. State*, 2017 WL 991081, at \*2 (Del. Mar. 13, 2017).
[2] *Id.*
[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997). *See also* 10 *Del. C.* § 6902.
[4] *Hall*, 692 A.2d at 891.

2

had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[5]

(5)    The Superior Court did not err in denying Brunhammer's petition for a writ of habeas corpus.  Brunhammer's commitment is valid on its face.  This Court previously addressed and rejected Brunhammer's speedy trial claim.  We warn Brunhammer that if he continues to file appeals from repetitive claims, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[5] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).