# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN THE MATTER OF )
KASHIEM THOMAS, )
    Petitioner, )
       )
v. )  **C.A. No. N21M05-097**
       )  **(Crim. ID No. 1703001172)**
ROBERT MAY, )
Warden, J.T.V.C.C., )
    Respondent. )
       )
       )
       )

Submitted: July 14, 2021
Decided: July 26, 2021

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This 26th day of July, 2021, upon consideration of Petitioner Kashiem Thomas's Petition for a Writ of Habeas Corpus, and the record in this case, the Court finds the following:

(1) In February 2019, Petitioner Kashiem Thomas was before this Court for sentencing on the charge of Murder First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[1]  Mr. Thomas was sentenced for the balance of his natural life at supervision Level V for the charge of Murder First

---

[1] Sentencing Order, *State v. Kashiem Thomas*, ID. No. 1703001172 (Del. Super Ct. Feb. 8, 2019).

Degree[2] and sentenced to 15 years at supervision Level V for the charge of PFDCF.[3] Those sentences have an effective date of March 2, 2017.[4]

(2)     In July 2021, Mr. Thomas filed the instant petition for a writ of habeas corpus in this Court *pro se*.[5] Thomas contends that this Court lacks jurisdiction over him due to his status as a "Moorish American" and should grant his petition accordingly.[6] The Court disagrees.

(3)     In Delaware, the writ of habeas corpus provides relief on a very limited basis.[7] Habeas corpus provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[8] Under Title 10, § 6902(1), habeas corpus relief is not available to persons "committed or detained on a charge for treason or felony, the species

---

[2]     *Id.*

[3]     *Id.*

[4]     *Id.*

[5]     Pet. For a Writ of Habeas, *State v. Kashiem Thomas*, ID. No. 1703001172 (Del. Super Ct. July 14, 2019) (D.I. 119). Mr. Thomas also has a pending motion for postconviction relief filed under this Court's Criminal Rule 61; he has appointed counsel for that matter. *See* ID. No. 1703001172—D.I. 102, 104, 109-10. Mr. Thomas appears to wish to now pursue that matter *pro se* also. ID. No. 1703001172—D.I. 116-17.

[6]     *Pet.* at ¶ 2.

[7]     *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[8]     *Id.*

whereof is plainly and fully set forth in the commitment."[9]  Consequently, no prisoner whose sentence is valid on its face imposed by a court of competent jurisdiction can obtain habeas corpus relief.[10]  Too, Delaware has rejected the contention that this Court lacks jurisdiction over a criminal defendant simply because the defendant claims to be a citizen or member of a sovereign tribe or nation.[11]  It is clear that Delaware Courts have jurisdiction over criminal proceedings against one who now identifies himself as Moorish-American for crimes he has committed in Delaware.[12]  Any contention to the contrary is legally frivolous.[13]

(4) The record reflects Mr. Thomas was tried for a homicide committed in Delaware and was therefor found guilty of first-degree murder and a related firearms

---

[9]  DEL. CODE ANN. tit. 10, § 6902(1).

[10]  *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954). *See also Jones v. Anderson,* 183 A.2d 177, 178-79 (Del. 1962).

[11]  *Matter of Petition of Stroman-Bey*, 2016 WL 4491746, at *1 (Del. Aug. 25, 2016). *See also Rodriguez v. State*, 2014 WL 1513282, at *1 (Del. Apr. 16, 2014) ("To the extent . . . that [inmate] is contending that the Superior Court had no jurisdiction over him because of his alleged status as a 'Moorish American National Sovereign,' we find no merit to that contention.").

[12]  *Brown v. State*, 2005 WL 1950213, at *1 (Del. July 19, 2005) (Inmate "offered no evidence to support his claim of membership in a federally recognized tribe. Even if he had, such membership would not have deprived the Superior Court of jurisdiction over the criminal proceedings against him for crimes he committed in Delaware."). *See also Nevada v. Hicks*, 533 U.S. 353, 362 (2001) ("It is also well established in our precedent that States have criminal jurisdiction over reservation Indians for crimes committed . . . off the reservation.").

[13]  *See State v. Owens*, 2010 WL 5313506, at *5 (Del. Super. Ct. Nov. 8, 2010) ("Any contention that the Superior Court lacked jurisdiction over criminal proceedings against a defendant, in even a federally recognized tribe, for crimes committed in Delaware is legally frivolous.") (citing *Brown*, 2005 WL 1950213).

offense.[14]  Accordingly, this Court has jurisdiction over Mr. Thomas for the crimes he committed in this State.  As there is no basis in law to support the contention that this Court lacks jurisdiction over Mr. Thomas, he is not entitled to habeas corpus relief.[15]

**IT IS ORDERED** that Kashiem Thomas's Petition for a Writ of Habeas Corpus is **DENIED.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc: Kashiem Thomas, *pro se*

---

[14]  Verdict Sheet, *State v. Kashiem Thomas*, ID. No. 1703001172 (Del. Super Ct. May 1, 2018) (D.I. 62-63).

[15]  *See, e.g., Irvin v. State*, 2007 WL 1509625, at *1 (Del. May 24, 2007) (petitioner was not entitled to a writ of habeas corpus because there was no evidence that the Superior Court lacked jurisdiction to sentence him). *See* DEL. CODE ANN. tit. 10, § 6902(1) (providing that habeas corpus relief is not available to those who are "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment").

-4-