IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA MCGRIFF, § 
 § No. 137, 2021
Petitioner Below, §
Appellant, § Court Below: Superior Court
 § of the State of Delaware
v. §
 § C.A. No. N21M-04-012
STATE OF DELAWARE, §
 §
Respondent Below, §
Appellee. §

Submitted: July 6, 2021
Decided: July 27, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1)    The appellant, Joshua McGriff, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of McGriff's opening brief that his appeal is without merit. We agree and affirm.

(2)    On May 19, 2020, McGriff was arrested for multiple crimes. In August 2020, a grand jury indicted McGriff for multiple crimes including attempted first-degree rape and first-degree kidnapping. At his arraignment, McGriff, with the

assistance of counsel, pleaded not guilty and demanded a jury trial. On January 11, 2021, McGriff filed a *pro se* petition for a writ of habeas corpus. The Superior Court denied the petition, finding that McGriff was legally detained in default of bail.

(3) On April 6, 2021, McGriff filed another *pro se* petition for a writ of habeas corpus. On April 7, 2021, the Superior Court denied the petition, finding McGriff was legally detained and that he raised issues for trial. This appeal followed. As he did below, McGriff argues in his opening brief that the police illegally seized him and his property on May 19, 2020, the police failed to obtain or preserve exculpatory evidence, and his counsel is providing ineffective assistance.

(4) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[1] Where the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[2] Under 10 *Del. C.* § 6902(1), a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."

(5) McGriff is currently incarcerated in default of bail pending trial for felony charges. He has not shown that the Superior Court lacked jurisdiction over

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[2] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

those charges or any irregularity in the commitment. Accordingly, the Superior Court did not err in denying McGriff's petition for a writ of habeas corpus.[3]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See, e.g., Moxley v. State*, 1995 WL 788624, at *2 (Del. Dec. 28, 1995) (affirming the Superior Court's denial of petition for writ of habeas corpus where petitioner was detained in default of bail on pending felony charge); *Miller v. State*, 1994 WL 679746, at *1 (Del. No. 30, 1994) (same).