IN THE SUPREME COURT OF THE STATE OF DELAWARE

FREDERICK W. SMITH, JR., §
§ No. 285, 2021
Petitioner Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Civ. Action No. N21M-07-125
KOLAWOLE O. AKINBAYO, § Crim. ID Nos. 2101005363 (N)
Warden, H.R.Y.CI., § 9307013369 (VOP)
§
Respondent Below, §
Appellee. §

Submitted: September 30, 2021
Decided: October 15, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

(1) The appellant, Frederick W. Smith, Jr., filed this appeal from the Superior Court's order, dated July 30, 2021, denying his petition for a writ of habeas corpus. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1993, a Superior Court jury convicted Smith of second-degree unlawful sexual intercourse, third-degree unlawful sexual penetration, and third-

degree assault. In January 1994, the Superior Court sentenced him to thirty-two years in prison.[1] This Court affirmed on direct appeal.[2]

(3)     Earlier this year, Smith was released from prison on probation and conditional release. A short time later, Smith was charged with a violation of probation ("VOP") and conditional release. At a hearing on March 17, 2021, the Superior Court found that Smith had violated his probation and conditional release and deferred sentencing, ordering that Smith first undergo a presentencing psychiatric evaluation. On July 28, 2021, before the sentencing on the VOP occurred, Smith filed a petition for a writ of habeas corpus. In the petition, Smith alleged that he was being held in a Level V prison for "a couple of petty violations of probation," that he had been held for more than 120 days, and that he should receive compensation of $1,800 per day for each day over 30 that he had been detained. The Superior Court denied the petition, finding that Smith was legally detained. On August 31, 2021, the Superior Court discharged Smith's conditional release and sentenced him on the VOP to two years of Level III probation with GPS monitoring.

(4)     Smith has appealed to this Court from the Superior Court's denial of his habeas petition. He argues that the Superior Court erred by denying his request

---

[1] *Smith v. State*, 669 A.2d 1, 4 (Del. 1995).
[2] *Id.* at 2.

for compensation for the time he was held at Levels IV and V before being sentenced on the VOP.

(5)     Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[3]  Specifically, it provides a prisoner with a means of challenging an allegedly unlawful detention on the basis of a lack of jurisdiction of the court ordering the commitment.[4]  When the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[5]  Habeas corpus is not a means of seeking compensatory relief.[6]  Smith offers no authority to the contrary.  Moreover, because Smith has since been released from prison to Level III probation, any remaining request for habeas corpus relief is moot.[7]

---

[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[4] *Id. See also Petition of Pitt*, 541 A.2d 554, 557 (Del. 1988) (stating that a writ of habeas corpus "provid[es] a prisoner with a means of challenging an allegedly unlawful detention").

[5] *Jones v. Anderson*, 183 A.2d 177, 178-79 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

[6] *Cf. Muhammad v. Close*, 540 U.S. 749, 750 (2004) (recognizing that damages are not an available form of relief in a habeas corpus proceeding).

[7] *See Taylor v. State*, 2002 WL 31477136 (Del. Nov. 4, 2002) ("Finally, it appears that Taylor has been released from prison and is currently serving a probationary sentence at Level II.  As such, he is not a person 'imprisoned or restrained of liberty' within the meaning of the statute governing habeas corpus and his request for habeas corpus relief is moot." (citation omitted)).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ Gary F. Traynor*

Justice