IN THE SUPREME COURT OF THE STATE OF DELAWARE

FREDERICK W. SMITH, JR., § 
§ No. 232, 2022
Petitioner Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N22M-06-093
TRUMAN MEARS, Warden § Cr. ID No. 93007368DI
Sussex Correctional Institution, §
§
Respondent Below, §
Appellee. §

Submitted: July 22, 2022
Decided: August 30, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening briefs, the appellee's motion to affirm, the appellant's request for appointment of counsel, and the record below, the Court concludes that:

(1) The appellant, Frederick W. Smith, Jr., filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening briefs that his appeal is without merit. We agree and affirm.

(2)     In 1993, a Superior Court jury convicted Smith of second-degree unlawful sexual intercourse, third-degree unlawful sexual penetration, and third-degree assault.  The Superior Court sentenced Smith to a total of thirty-six years of Level V incarceration, suspended after thirty-two years for probation. This Court affirmed on direct appeal.[1]

(3)     While Smith was on probation in October 2021, a probation officer filed an administrative warrant alleging that Smith had violated his probation.  At a hearing on November 3, 2021, the Superior Court found that Smith had violated his probation and sentenced him to four years of imprisonment, suspended after eleven months and successful completion of the Transition Sex Offender program for six months of Level III probation.  Smith did not appeal, but did file an unsuccessful motion for correction of illegal sentence.[2]

(4)     On June 17, 2022, Smith filed a petition for a writ of habeas corpus in the Superior Court.  The Superior Court denied the petition, finding that Smith was legally detained.  This appeal followed.  In his opening brief, Smith argues, as he did below, that he is illegally detained because his probation officer lied and he did not violate his probation.  After the appellee filed a motion to affirm, Smith filed a

---

[1] *Smith v. State*, 669 A.2d 1 (Del. 1995).
[2] *Smith v. State*, 2022 WL 2715728 (Del. July 12, 2022) (affirming the Superior Court's denial of Smith's motion for correction of illegal sentence).

request for appointment of counsel and argued that his 1993 indictment was defective.

(5) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[3] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[5]

(6) The Superior Court did not err in denying Smith's petition. Smith offered nothing to suggest that the VOP sentencing order was irregular on its face or that the Superior Court lacked jurisdiction to sentence him. Smith "may not use a petition for a writ of habeas corpus as a substitute for a timely-filed appeal or to seek postconviction relief."[6] We will not consider Smith's claims concerning the indictment for the first time on appeal[7] but note that we have previously rejected his

---

[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[4] *Id.. See also* 10 *Del. C.* § 6902(1) (providing that habeas corpus relief is not available to those who are "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment").
[5] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773-74 (Del. 1954)
[6] *Gordon v. Metzger*, 2019 WL 168663, at *1 (Del. Jan. 10, 2019)
[7] Del. Supr. Ct. R. 8.

challenges to the indictment.[8]  Smith's request for appointment of counsel is denied as moot.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED, the judgment of the Superior Court is AFFIRMED, and the request for appointment of counsel is denied as MOOT.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] *See, e.g., In re Smith*, 2012 WL 3096697, at *1 (Del. July 30, 2012) (dismissing Smith's petition for a writ of mandamus and noting "Smith, in fact, has unsuccessfully challenged the indictment against him on multiple occasions"); *Smith v. State*, 2002 WL 451827, at *1 (Del. Mar. 22, 2002) (rejecting Smith's challenges to the validity of the indictment).