IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID HOLLOMAN a/k/a DAVID M. COLES, | § § § | No. 372, 2022 |
| Petitioner Below, Appellant, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § § | C.A. No. N22M-09-021 Cr. ID No. 0301011099 (N) |
| STATE OF DELAWARE, | § § | |
| Respondent Below, Appellee. | § § § | |

Submitted: January 11, 2023
Decided: February 6, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1) The appellant, David Holloman a/k/a David M. Coles, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Holloman's opening briefs that his appeal is without merit. We agree and affirm.

(2) In 2006, a Superior Court jury found Holloman guilty of second-degree murder and related weapon offenses in Criminal ID No 0301011099. The Superior

Court sentenced Holloman to thirty-eight years of Level V incarceration, suspended after thirty-four years for Level III probation. This Court affirmed on direct appeal.[1]

(3) On September 7, 2022, Holloman filed a petition for a writ of habeas corpus in the Superior Court. The Superior Court denied the petition, finding that Holloman was legally detained and raised matters outside the scope of habeas corpus relief. This appeal followed. In his opening brief, Holloman argues that the Superior Court erred in failing to consider his claims concerning the Department of Correction's handling of his grievances and imposition of discipline upon him.

(4) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[2] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[3] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[4]

(5) The Superior Court did not err in denying Holloman's petition. Holloman did not contend that the sentencing order in Criminal ID No. 0301011099

---

[1] *Coles v. State*, 959 A.2d 18 (Del. 2008).

[2] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[3] *Id.* *See also* 10 *Del. C.* § 6902(1) (providing that habeas corpus relief is not available to those who are "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment").

[4] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773-74 (Del. 1954).

was irregular on its face or that the Superior Court lacked jurisdiction to sentence him. His claims concern prison management, classification decisions, and restriction of institutional privileges by the Department of Correction that are not subject to habeas corpus review.[5]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *See, e.g., Biggins v. State,* 2009 WL 924506, at *1 (Del. Apr. 7, 2009) (affirming denial of petition for writ of habeas corpus where petitioner alleged he was improperly transferred to maximum security housing unit at prison because complaints relating to prison management and/or classification decisions are not subject to habeas corpus review); *Evans v. Snyder*, 2001 WL 1586854, at *1 (Del. Dec. 7, 2001) (holding that petitioner's challenges to his reclassification to maximum security housing unit and then to solitary confinement and restriction of privileges within prison were not subject to habeas corpus review).