# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DAVID T. YARBOROUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| MONROE HUDSON, ROBERT | ) | C.A. No. N22M-07-091 CLS |
| MAY, and KATHLEEN JENNINGS, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: December 14, 2022
Date Decided: February 8, 2023

*Upon Petitioner's Motion for Default Judgment.* **DENIED.**
*Upon Petitioner's Writ of Habeas Corpus.* **DENIED.**
*Upon the Respondents' Motion to Dismiss Petitioner's Writ of Mandamus.*
**GRANTED.**

## ORDER

David T. Yarborough, Smyrna, DE, 19977, *Pro Se*, Petitioner.

Nicolas D. Picollelli, Jr., Esquire, Delaware Department of Justice, Wilmington, DE, 19801, Attorney for Respondents.

**SCOTT, J.**

1

On this 8th day of February 2023, upon consideration of Petitioner's Petition for a Writ of Mandamus, Respondent's Motion to Dismiss Petitioner's Writ of Mandamus, Petitioner's Response, Petitioner's Motion for Default Judgment and Respondent's Opposition to the Motion for Default Judgment it appears that:

1. On July 19, 2022, David T. Yarborough ("Mr. Yarborough"), an inmate serving a Level 5 sentence at James T. Vaughn Correctional Center ("JTVCC"), a Department of Corrections ("DOC") facility, filed a *pro se* petition seeking a Writ of Mandamus pursuant to 10 *Del. C.* § 564. Mr. Yarborough seeks an order from this Court to reverse or vacate Commissioner Hudson and/or Warden May disciplinary sanction because JTVCC Deputy Warden Natasha Hollingsworth ("Deputy Warden Hollingsworth") denied Mr. Yarborough the opportunity to appeal the sanction to Warden May. He also requests the Court to restore his "good time" and remove the sanction from the Delaware Automated Correction System. Mr. Yarborough argues Deputy Warden Hollingsworth's conduct violated Bureau of Prisons' ("BOP") Policy 4.2, thereby violating his due process rights.

2. Mr. Yarborough served named respondent Attorney General Kathleen Jennings pursuant to 10 Del. C. 3103(c), on September 23, 2022. Mr. Yarborough then served Commissioner Hudson on September 26, 2022,

2

and Warden May on October 6, 2022. Accordingly, Respondents had until October 17, 2022, to answer, move or otherwise respond to the Petition as the 20-day deadline fell on Sunday, October 16, 2022, giving Respondents the next business day to respond.

3. On October 13, 2022, days before Respondents were required to respond, Mr. Yarborough filed a Motion for Default Judgment claiming Respondent's failed to respond within 20 days of service to Mr. Yarborough's Petition.

4. On October 17, 2022, Respondent's responded to Mr. Yarborough's Petition with a Motion to Dismiss. Because the response was timely, Mr. Yarborough's Motion for Default Judgment is **DENIED.**

5. Then on October 25, 2022, Mr. Yarborough filed another motion. This motion was a Writ of Habeas Corpus. Mr. Yarborough's Writ of Habeas Corpus is based on the same grounds as his Writ of Mandamus. Specifically, Mr. Yarborough claims his rights were violated by Deputy Warden Hollingsworth alleged denial of Mr. Yarborough opportunity to appeal the sanction to Warden May. Because of the alleged violation, Mr. Yarborough represents to this Court he is being illegally detained. The remedy he seeks is for this Court to order the Warden to reverse the write-

up, sanction, and relocate him out of maximum security, which would act as "essentially expunging the write-up".

6.  Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[1] Here the commitment is regular on its face and this Court has jurisdiction over the subject matter, however, habeas corpus is not available to Mr. Yarborough as a remedy.[2] Under 10 Del. C. § 6902(a), a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[3] Mr. Yarborough is being held in this instance on two felony counts of Assault in the 1st Degree. Therefore, a writ of habeas corpus may not be issued to him. Mr. Yarborough's Petition for writ of habeas corpus is **DENIED**.

7. The grounds for Respondent's Motion to Dismiss is Mr. Yarborough's failure to state a claim upon which relief can be granted. The Court must determine if Petitioner has a viable cause of action.[4] "In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[2] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Wooley*, 104 A.2d 771, 773 (Del. 1954).
[3] 10 Del. C. § 6902.
[4] *Proctor v. Taylor*, 2006 WL 1520085, at *1 (Del. Super. Jan. 18, 2006).

must consider the standards a party must meet in obtaining a writ."[5] Before a Writ of Mandamus is issued, "the petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[6]

8. Mr. Yarborough fails to meet requirements for issuance of a writ of mandamus – that he has a clear legal right to the performance of the duty and no other adequate remedy is available. Mr. Yarborough has not identified an official duty of Deputy Warden Hollingsworth, Commissioner Hudson, Warden May, or any government employee, therefore he does not have a right to the performance of the duty. As for there being no other adequate remedy available, the remedy for a violation of constitutional rights is not through the issuance of a writ of mandamus by this Court.[7] Another remedy exists, such as a 41 U.S. § 1983 claim

---

[5] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

[6] *Nicholson v. Taylor*, 2005 WL 2475736, *2 (Del. 2005); *see also Brittingham v. Town of Georgetown*, 113 A.3d 519 (Del. 2015).

[7] *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *3 (Del. Super. Dec. 4, 2013) (*citing Washington v. Dept.of Corr.*, 2006 WL 1579773, at *2 (Del. Super. Ct. May 31, 2006)); *Parker v. Kearney*, 2000 WL 1611119, at *5 (D. Del. Aug. 23, 2000)) (holding that Petitioner had an adequate legal remedy for his alleged constitutional claims in the form of a District Court action pursuant to 42 U.S.C. § 1983, therefore a writ of mandamus was inappropriate).

through the District Court. Mr. Yarborough fails to show other adequate remedies are unavailable. Mr. Yarborough fails to meet the requirements for issuance of a writ of mandamus, mandamus is inappropriate.

9. For the foregoing reasons, the Respondents' Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

6