IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. ROBLES, | § | |
| | § | No. 366, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N22M-09-011 |
| STATE OF DELAWARE, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: January 30, 2023
Decided: February 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Thomas A. Robles, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Robles' opening brief that his appeal is without merit. We agree and affirm.

(2)    In 2016, Robles pleaded guilty to one count of manslaughter, one count of possession of a firearm during the commission of a felony, one count of home invasion, one count of first-degree robbery, and one count of first-degree assault. The Superior Court sentenced Robles to an aggregate of twenty-four years of

incarceration, followed by decreasing levels of supervision. Robles did not appeal, nor did he file a motion for postconviction relief.

(3) On September 2, 2022, Robles filed a petition for a writ of habeas corpus in the Superior Court, alleging "denial of due process." The Superior Court denied the petition, finding Robles to be legally detained. This appeal followed.

(4) In his opening brief, Robles argues that he was denied due process in the proceedings below because trial counsel did not seek a psychiatric evaluation to determine his competency to plead guilty. Robles is not entitled to habeas corpus relief.

(5) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[1] A writ of habeas corpus may not be issued to any person committed or detained on a felony charge, which is plainly and fully set forth in the commitment.[2] Where the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[3]

(6) The record reflects that Robles was charged with multiple felony offenses, over which the Superior Court clearly had jurisdiction. Robles does not

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[2] 10 *Del. C.* § 6902(1).

[3] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Wooley*, 104 A.2d 771, 773 (Del. 1954).

2

dispute that his commitment is regular on its face. Moreover, Robles' claim relating to trial counsel's performance is not cognizable in a petition for a writ of habeas corpus.[4] We therefore conclude that the Superior Court's denial of Robles' petition for a writ of habeas corpus was proper.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Grantham v. State*, 2012 WL 385613, at *1 (Del. Feb. 6, 2012). *See* Del. Super. Ct. Crim. R. 61(a)(2) (providing that postconviction relief "may not be sought by a petition for a writ of habeas corpus or in any manner other than" under Rule 61).