SUPERIOR COURT
OF THE
STATE OF DELAWARE

**NOEL EASON PRIMOS**
*JUDGE*

**KENT COUNTY COURTHOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**
Telephone (302) 735-2131

October 15, 2024

Rosemarie Harrison
24 Mifflin Road
Dover, DE   19904

> RE:  **Rosemarie Harrison v. Hudson et al.**
> Case IDs: 2408007214 & 2408006373
> C.A. No.: K24M-10-006 NEP

Dear Ms. Harrison:

I have reviewed your petition for writ of habeas corpus, which was filed with the Prothonotary on October 14, 2024.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962) (citing *Curran v. Woodley*, 104 A.2d 771 (Del. 1954)). The writ "provides relief on a very limited basis." *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997) (citing *In re Pitt*, 541 A.2d 544, 557 (Del. 1998)). When a lay person other than the defendant submits a petition, the Court may only issue a writ to procure witnesses for the defendant's trial, or when the petitioner shows that there is a necessity justifying his or her intervention. Del. Const. art. I, § 7; 10 *Del. C.* § 6905; *Del. State Bar Ass'n v. Alexander*, 386 A.2d 652, 660–61, 663–64 (Del. 1978).

The Court does not reach the merits of your petition, because you lack standing to file it. *Alexander*, 386 A.2d at 660–61, 664.

Article I, Section 7 of the Delaware Constitution provides that "the accused hath a right . . . to have compulsory process in due time, on application by himself or herself, his or her friends or counsel, for obtaining witnesses in his or her favor[.]" As the Delaware Supreme Court explained in *Alexander*, this provision is "is not authorization for anyone to represent other litigants in court under the guise of being

a 'friend'" but merely "to give one who is under some disability . . . the protection that another may act for him in the procurement of subpoenas assuring the appearance of witnesses to testify on his behalf at the trial of a criminal charge against him." 386 A.2d at 661. Section 7 is therefore inapplicable to your petition.

Title 10, Section 6905 of the Delaware Code states that "application for a writ of habeas corpus may be made by the party complaining, or anyone for such party[.]" However, as the Court noted in *Alexander*, "[a] petition to act for another under [§] 6905 must contain some . . . showing of necessity" such as inaccessibility or inability to communicate with the Court. *Id.* at 664. The *Alexander* Court also noted an inherent risk with petitions that do not bear the signature of the parties on whose behalf they are purportedly filed (as in this case): that they might be filed "as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 664 (internal quotation and citation omitted); *accord Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) (quoting *United States ex rel. Bryant v. Houston*, 273 F.915, 916 (2d Cir. 1921)). The United States Supreme Court has suggested that third-party habeas petitions are disfavored where, as here, they are unauthorized by the defendant's counsel. *Whitmore*, 495 U.S. at 164 (citing *Rosenberg v. United States*, 346 U.S. 273, 291–92 (1953) (Jackson, J., concurring)). Third-party habeas petitions must be limited to cases of necessity, lest the Court allow "litigant[s] asserting only a generalized interest in constitutional governance . . . [to] circumvent [its] jurisdictional limits[.]" *Id.*; *see generally Hamdi v. Rumsfeld*, 294 F.3d 598 (4th Cir. 2002).

I find that the facts you allege—that the defendants have received ineffective assistance of counsel and that they are "primarily young people . . . unfamiliar with the system and unable to articulate the reality to which they are being subjected"— do not rise to the level of necessity required for the Court to consider your petition. Therefore, your petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Honorable Noel Eason Primos

NEP/tls
*Via File&ServeXpress and U.S. Mail*
oc:    Prothonotary